OPINION
{¶ 1} Appellant Jim Kessinger d.b.a. Jim Kessinger 
Associates ("Kessinger") appeals the decision of the Ashland County Court of Common Pleas that granted Appellees SR83 Hotel Partners LLC and Abbas K. Shikary's ("partners") motion to dismiss filed pursuant to Civ.R. 41(B)(1). The following facts give rise to this appeal.
 {¶ 2} On October 10, 2001, Appellant James Kessinger entered into a financial consultancy agreement with the partners. Pursuant to the terms of the agreement, Kessinger agreed to obtain business debt capital for the construction and business stabilization of a real estate business identified as the Wooster Hilton Garden Inn. The agreement contained a clause mandating that all disputes arising from the agreement be resolved by the American Arbitration Association. This provision provides as follows:
 {¶ 3} "6.0 ARBITRATION OF DISPUTES. All controversies of claims between the parties hereto arising out of or relating to the capitalization or capital support contemplated by this AGREEMENT, including but not limited to the financial consultancy thereof shall be subject to arbitration in accordance with the applicable rules of the American Arbitration Association."
 {¶ 4} On October 30, 2003, Kessinger filed a lawsuit, against the partners, seeking compensation for work that he allegedly performed pursuant to the financial consultancy agreement. In their answer filed on December 1, 2003, the partners indicated that all controversies arising out of or relating to the capitalization, capital support or financial consultancy shall be arbitrated pursuant to the terms of the agreement.
 {¶ 5} Thereafter, on March 9, 2004, the partners moved the trial court to stay the proceedings pending arbitration pursuant to the terms of the financial consultancy agreement. On April 8, 2004, the trial court granted the partners' motion to stay proceedings pending arbitration concluding the partners had not waived their right to arbitration and the underlying contract provides for arbitration.
 {¶ 6} Subsequently, on September 10, 2004, the partners filed a motion to dismiss asserting that Kessinger failed to initiate arbitration as ordered by the trial court in its judgment entry of April 8, 2004. Kessinger responded to the motion to dismiss and argued the partners should proceed with the arbitration and pay for the required deposit, with the American Arbitration Association, because they requested arbitration. As of November 4, 2004, this matter still had not been arbitrated, and the trial court granted the partners' motion to dismiss pursuant to Civ.R. 41(B)(1).
 {¶ 7} Kessinger filed a motion for reconsideration of the dismissal entry on November 15, 2004. The trial court denied Kessinger's motion on November 30, 2004. Thereafter, Kessinger timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 8} "I. The trial court erred in sustaining defendants-appellees' motion to dismiss pursuant to civil rule 41(b)(1) without giving appellant specified time period.
 {¶ 9} "II. The trial court committed error in failing to consider whether prejudice resulted from the noncompliance before ordering dismissal."
 I {¶ 10} In his First Assignment of Error, Kessinger maintains the trial court failed to set a deadline for the commencement or completion of the arbitration and therefore, the trial court abused its discretion when it dismissed his complaint pursuant to Civ.R. 41(B)(1). We disagree.
 {¶ 11} Civ.R. 41(B)(1) provides as follows:
 {¶ 12} "(B) Involuntary dismissal; effect thereof
 {¶ 13} "(1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
 {¶ 14} The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court.Jones v. Hartranft, 78 Ohio St.3d 368, 371, 1997-Ohio-203;Pembaur v. Leis (1982), 1 Ohio St.3d 89, 91. Our standard of review of a trial court's dismissal pursuant to Civ.R. 41(B)(1) is abuse of discretion. Strayer v. Szerlip (Mar. 26, 2002), Knox App. No. 01-CA-28, at 2. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 15} Kessinger sets forth two arguments in support of his First Assignment of Error. First, Kessinger contends the trial court failed to set a deadline for commencing or completing arbitration and, as such, abused its discretion when it granted the partners' motion to dismiss. R.C. 2711.02(B) does not require the trial court to set such deadlines. This statute provides as follows:
 {¶ 16} "(B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."
 {¶ 17} In the case sub judice, the partners filed the motion for stay of the proceedings pending arbitration or, alternatively, motion for dismissal of the action and memorandum in support. The partners were not in default in proceeding with the arbitration. In their answer, the partners first raised the argument that this matter is subject to arbitration. Therefore, we conclude that since Kessinger was the party seeking relief in this matter, he had the burden of initiating the arbitration proceedings pursuant to the trial court's judgment entry. However, as the record indicates, he has failed to do so.
 {¶ 18} Second, Kessinger maintains that he did not receive notice, prior to the trial court's dismissal of his lawsuit, as required by Civ.R. 41(B)(1). In Ohio Furniture Co. v. Mindala,
(1986), 22 Ohio St.3d 99, 101, the Ohio Supreme Court held that "* * * the notice requirement of Civ.R. 41(B)(1) applies to all
dismissals with prejudice, * * *." (Emphasis sic.) Id. at 101. The Court also stated that "[t]he purpose of notice is to `provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed.'" Logsdon v. Nichols, 72 Ohio St.3d 124, 128,1995-Ohio-225, quoting McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 357, Section 13.07.
 {¶ 19} Despite Kessinger's argument that he did not receive the required notice, the record indicates otherwise. Kessinger was aware that on September 10, 2004, the partners filed a motion requesting the court to dismiss his claim with prejudice. The trial court filed a judgment entry on September 16, 2004, giving Kessinger until September 24, 2004, to explain why the case should not be dismissed. Further, Kessinger filed a responsive pleading, to the motion to dismiss, on September 23, 2004. Thus, it is apparent Kessinger was on notice of the possibility of dismissal with prejudice.
 {¶ 20} In Quonset Hut, Inc. v. Ford Motor Co. (1997),80 Ohio St.3d 46, the Ohio Supreme Court explained that for purposes of Civ.R. 41(B)(1), notice is present of an impending dismissal, with prejudice, when the appellant, or counsel, has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal. Kessinger was notified that dismissal, with prejudice, was a possibility when the partners filed their motion to dismiss on September 10, 2004. Further, Kessinger had an opportunity to defend against dismissal and did so by filing his response to the motion to dismiss on September 23, 2004. Thus, we conclude Kessinger received notice, prior to dismissal, as required by Civ.R. 41(B)(1).
 {¶ 21} We further find the trial court did not abuse its discretion when it dismissed Kessinger's lawsuit with prejudice. The trial court ordered this matter to arbitration on April 8, 2004. As noted above, since Kessinger filed this lawsuit, he had the duty of going forward, with the arbitration, as part of his burden to prove that he was entitled to the requested relief. Kessinger never proceeded with the court-ordered arbitration. After five months passed, during which Kessinger did not initiate arbitration, the partners filed their motion to dismiss. Approximately two months later, after Kessinger was provided notice and an opportunity to respond, the trial court dismissed this matter.
 {¶ 22} Thus, almost seven months transpired from the time the trial court initially ordered arbitration and granted the partners' motion to dismiss. Based upon the length of time granted Kessinger to initiate arbitration and the fact that he had notice this matter would be dismissed with prejudice, we do not find the trial court abused its discretion when it granted the partners' motion to dismiss.
 {¶ 23} Appellant Kessinger's First Assignment of Error is overruled.
 II {¶ 24} Appellant contends, in his Second Assignment of Error, the trial court committed error in failing to consider whether prejudice resulted from the failure to initiate arbitration proceedings before the trial court dismissed his lawsuit. We disagree.
 {¶ 25} In this assignment of error, Kessinger argues that he made arrangements for arbitration, however, he did not have the opportunity to explain the delay in commencing arbitration and that the trial court should have conducted a hearing on this issue since it did not establish a time within which the arbitration was to occur. We disagree with both of Kessinger's arguments.
 {¶ 26} The trial court did provide Kessinger with an opportunity to respond to the partners' motion to dismiss. In his response, Kessinger did not provide the trial court with an explanation regarding the delay in the commencement of arbitration proceedings. Instead, Kessinger requested "* * * the Court to issue an Order to the Defendants to proceed with arbitration since they have requested it, the Court has granted it, and that the Defendants proceed by depositing the arbitration fee with the Arbitrators and notifying the Arbitration Association accordingly." Response to Motion to Dismiss, Sept. 23, 2004, at ¶ 12. Based upon this response, it is clear Kessinger did not commence arbitration proceedings because he did not want to pay the deposit of $1,000.
 {¶ 27} Further, as noted in the First Assignment of Error, the Revised Code does not require the trial court, when it stays a case for arbitration, to include a time frame within which the arbitration is to occur. Accordingly, we conclude the trial court did not err when it failed to consider whether prejudice resulted from the failure to initiate arbitration proceedings prior to granting the partners' motion to dismiss.
 {¶ 28} Appellant Kessinger's Second Assignment of Error is overruled.
 {¶ 29} For the foregoing reasons, the judgment of the Court of Common Pleas,
Wise, J. Boggins, P.J., and Gwin, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.
Costs assessed to Appellant Kessinger.