[Cite as *Capital One Bank (USA) N.A. v. Rotman*, 2012-Ohio-480.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96891**

**CAPITAL ONE BANK (USA), N.A.**

PLAINTIFF-APPELLEE

vs.

**MITCHELL R. ROTMAN**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cleveland Heights Municipal Court
Case No. CVF 1100008

**BEFORE:** S. Gallagher, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** February 9, 2012

**ATTORNEY FOR APPELLANT**

Andrew S. Pollis
Milton A. Kramer Law Clinic Center
C.W.R.U. School of Law
11075 East Boulevard
Cleveland, OH   44106

**Also listed:**

Matthew Bechtold
Legal Intern c/o Andrew Pollis
C.W.R.U. School of Law
11075 East Blvd.
Cleveland, OH   44106

**ATTORNEY FOR APPELLEE**

Deborah A. Winslow
Shermeta, Adams & Von Allmen, P.C.
P.O. Box 5016
Rochester Hills, MI   48308

SEAN C. GALLAGHER, J.:

{¶ 1}  Defendant-appellant, Mitchell R. Rotman, appeals the decision of the Cleveland Heights Municipal Court that denied his motion to stay proceedings pending arbitration.  For the reasons stated herein, we reverse

the decision of the trial court and remand the matter for further proceedings consistent herewith.

{¶ 2} The issue presented in this appeal is whether a defendant may obtain a stay of proceedings pending arbitration without having first initiated the arbitration proceedings. We conclude that the initiation of the arbitration proceedings is not a prerequisite for obtaining a stay of the action pursuant to R.C. 2711.02(B).

{¶ 3} On January 5, 2011, plaintiff-appellee, Capital One Bank (USA), filed a complaint against Rotman for money owing on an account. Capital One alleged a balance due on a credit-card debt in the principal amount of $2,249.65, with interest of $233.75, for a total of $2,483.40. The customer agreement entered with Rotman was attached to the complaint. The agreement includes an arbitration provision that provides, in pertinent part:

> You and we agree that either you or we may, at either party's sole election, require that any Claim (as described below) be resolved by binding arbitration.
>
> IF YOU OR WE ELECT ARBITRATION OF A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO PURSUE THAT CLAIM IN COURT OR BEFORE A JUDGE OR JURY * * *.

The term "claim" encompasses "any claim, controversy or dispute of any kind or nature between you and us." Further, the agreement permits either party to elect arbitration "even if the claim is part of a lawsuit brought in court."

**{¶ 4}** On March 17, 2011, Rotman moved to stay proceedings pending arbitration. In opposing the motion, Capital One argued that the arbitration clause was optional, Capital One was not required to file arbitration, and Rotman had not initiated any arbitration. Capital One further represented that "should Defendant choose to file arbitration, Plaintiff will stipulate to a dismissal without prejudice of this lawsuit while the arbitration is pending."

**{¶ 5}** The trial court denied the motion to stay and ordered Rotman to file an answer to the complaint. Rotman timely filed this appeal.

**{¶ 6}** Rotman raises one assignment of error that challenges the trial court's denial of a stay pending arbitration. He argues the claim is referable to arbitration under the parties' agreement and that Rotman was not required to initiate arbitration before seeking a stay. Capital One has not filed an appellate brief. Because our review of the issue is one of law, we review the issue de novo. *See Berry v. Lupica*, 8th Dist. No. 90657, 2008-Ohio-5102, 2008 WL 4438444, ¶ 7.

**{¶ 7}** The arbitration statute, R.C. 2711.02(B), provides as follows:

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

**{¶ 8}** Nothing in the above statute imposes a requirement that a party must initiate arbitration before seeking a stay. Oftentimes, the question of whether a matter is referable to arbitration is disputed by the parties. Further, the statute clearly reflects that a party need only file a motion to have the proceedings stayed when "the action is referable to arbitration under an agreement in writing for arbitration." R.C. 2711.02(B).

**{¶ 9}** Here, the terms of the arbitration agreement gave either party the right to elect arbitration of any claim between them. Thus, either party had the right to have the matter referred to arbitration. Case law instructs that where a matter is subject to arbitration, "[t]he burden is on the plaintiff to commence the arbitration action, and the parties are obliged to cooperate and respond in a timely manner." *Sexton v. Kidder, Peabody & Co., Inc.*, 8th Dist. No. 74833, 1999 WL 652028 (Aug. 24, 1999). *See also Kessinger v. SR83 Hotel Partners, LLC*, 5th Dist. No. 04-CA-83, 2005-Ohio-4110, 2005 WL 1897376, ¶ 17; *Johnson v. E. Bay Kia, Inc.*, S.D.Ala. No. 08-00656-CG-B, 2009 WL 928674, at *1 (Apr. 2, 2009). Indeed, it would be nonsensical to require a defendant to commence arbitration of a claim against himself. Thus, where a defendant properly exercises a right to arbitration, it is incumbent upon the plaintiff to pursue its claims in arbitration once a stay of the action is granted.

**{¶ 10}** Accordingly, we find the trial court erred in denying Rotman's motion to stay proceedings pending arbitration. Upon remand, the trial court is instructed to issue an order staying proceedings and referring the matter to arbitration. The trial court shall instruct Capital One to timely initiate the arbitration proceedings or else be subject to dismissal of the action pursuant to Civ.R. 41(B). Rotman's assignment of error is sustained; the judgment of the trial court is reversed; and this case is remanded for further proceedings consistent herewith.

Judgment reversed; cause remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR