[Cite as *Discover Bank v. Bennington*, 2018-Ohio-3246.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| DISCOVER BANK, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-G-0138** |
| JOY L. BENNINGTON, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Chardon Municipal Court, Case No. 2017 CVF 00108.

Judgment: Reversed and remanded.

*Amanda Yurechko*, Weltman, Weinberg & Reis Co., L.P.A., 323 West Lakeside Avenue, Suite 200, Cleveland, OH 44113, and *David Mullen*, Weltman, Weinberg & Reis Co., L.P.A., 965 Keynote Circle, Brooklyn Heights, OH 44131 (For Plaintiff-Appellee).

*Andrew Pollis*, Milton A. Kramer Law Clinic Center, Case Western Reserve, School of Law, 11075 East Boulevard, Cleveland, OH 44106 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Joy L. Bennington, appeals from the October 13, 2017 judgment of the Chardon Municipal Court, denying her motion to stay proceedings pending arbitration. The main issue presented in this appeal is whether a defendant may obtain a stay of proceedings pending arbitration without having first initiated the arbitration proceedings. For the reasons stated, we reverse and remand.

{¶2}   On February 10, 2017, appellee, Discover Bank ("Discover"), filed a complaint against appellant to recover an unpaid credit card balance alleging the following: Discover is a foreign corporation licensed to do business in the state of Ohio; appellant applied for an account with Discover; by use of the account, appellant became bound by the terms in the Cardmember Agreement; appellant defaulted under the terms of the Agreement; and the principal amount due is $12,642.01.  Discover attached to its complaint the statements from the credit card account (Exhibit A) and the Cardmember Agreement (Exhibit B).  Regarding arbitration, the Cardmember Agreement states:

{¶3}   "**Agreement to arbitrate**.  In the event of a dispute between you and us arising under or relating to this Account, either may choose to resolve the dispute by binding arbitration, as described below, instead of in court.  Any claim * * * may be resolved by binding arbitration if either side requests it.  THIS MEANS IF EITHER YOU OR WE CHOOSE ARBITRATION, NEITHER PARTY SHALL HAVE THE RIGHT TO LITIGATE SUCH CLAIM IN COURT OR TO HAVE A JURY TRIAL.  ALSO DISCOVERY AND APPEAL RIGHTS ARE LIMITED IN ARBITRATION.

{¶4}   "* * *

{¶5}   "**Governing Law and Rules**.  This arbitration agreement is governed by the Federal Arbitration Act (FAA).  Arbitration must proceed only with the American Arbitration Association (AAA) or JAMS.  The rules for the arbitration will be those in this arbitration agreement and the procedures of the chosen arbitration organization, but the rules in this arbitration agreement will be followed if there is disagreement between the agreement and the organization's procedures.  If the organization's procedures change after the claim is filed the procedures in effect when the claim was filed will apply.  For a

2

copy of each organization's procedures, to file a claim or for other information, please contact:

{¶6} "AAA at 1101 Laurel Oak Rd., Voorhees, NJ 08043, www.adr.org (phone 1-877-495-4185) or

{¶7} "JAMS at 620 Eighth Ave., Floor 34, New York, NY 10018, www.jamsadr.com (phone 1-800-352-5267) * * *

{¶8} "**Fees and Costs**. If you wish to begin arbitration against us but you cannot afford to pay the organization's or arbitrator's costs, we will advance those costs if you ask us in writing. Any request like this should be sent to Discover, PO Box 30421, Salt Lake City, UT 84130-0421. If you lose the arbitration, the arbitrator will decide whether you must reimburse us for money we advanced for you for the arbitration. If you win the arbitration, we will not ask for reimbursement of money we advanced. Additionally, if you win the arbitration, the arbitrator may decide that you are entitled to be reimbursed your reasonable attorneys' fees and costs (if actually paid by you)."

{¶9} On February 13, 2017, appellant filed an answer to the complaint. On March 31, 2017, appellant filed a motion to stay proceedings pending arbitration.

{¶10} A status hearing was held on May 11, 2017 and dates for the progression of the case were set by a magistrate's order. On May 30, 2017, appellant filed a motion to set aside the magistrate's order, which was denied on June 8, 2017.

{¶11} Without waiting for the trial court to rule on the motion for stay, appellant filed an appeal from the June 8, 2017 judgment, Case No. 2017-G-0123. On September 5, 2017, this court sua sponte dismissed that appeal for lack of a final appealable order.

3

{¶12} On September 22, 2017, Discover filed a brief in opposition to appellant's motion to stay proceedings pending arbitration. On October 13, 2017, the trial court denied appellant's motion to stay proceedings pending arbitration. Appellant filed the instant appeal, Case No. 2017-G-0138, and raises the following assignment of error:

{¶13} "The trial court erred in denying Ms. Bennington's motion to stay proceedings pending arbitration."

{¶14} In her sole assignment of error, appellant argues the trial court erred in denying her motion to stay proceedings pending arbitration. Appellant asserts that Ohio law does not require a defendant to initiate arbitration before seeking to stay proceedings in the trial court. She further alleges that the Cardmember Agreement did not require her to request a fee advance or take any other action before seeking to stay proceedings pending arbitration.

{¶15} "Generally, a trial court's decision to stay proceedings pending arbitration is reviewed for an abuse of discretion. *River Oaks Homes, Inc. v. Krann*, 11th Dist. Lake No. 2008-L-166, 2009-Ohio-5208, * * *, ¶41. When the trial court's grant or denial of a stay is premised upon questions of law, we review the judgment de novo. *Naylor Family Partnership v. Home S. & L. Co. of Youngstown*, 11th Dist. Lake No. 2013-L-096, 2014-Ohio-2704, * * *, ¶13. 'Therefore, this court reviews de novo a trial court's legal conclusion as to whether a party is contractually bound by an arbitration clause.' *Id.*" (Parallel citations omitted.) *Knight v. Altercare Post-Acute Rehabilitation Center, Inc.*, 11th Dist. Portage No. 2016-P-0045, 2017-Ohio-6946, ¶9.

{¶16} "'Ohio and federal courts encourage arbitration to settle disputes. *Kelm v. Kelm* (1993), 68 Ohio St.3d 26, 27 (* * *); *Southland Corp. v. Keating* (1984), 465 U.S.

4

1, 10 (* * *). Our General Assembly also favors arbitration. R.C. 2711.02 requires a court to stay an action if the issue involved falls under an arbitration agreement(.)' (Parallel citations omitted.) *ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 500 (1998)." *Koudela v. Johnson & Johnson Custom Builders, LLC,* 11th Dist. Lake No. 2017-L-024, 2017-Ohio-9331, ¶10.

{¶17} R.C. 2711.02(B) states: "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."

{¶18} "Nothing in the above statute imposes a requirement that a party must initiate arbitration before seeking a stay. Oftentimes, the question of whether a matter is referable to arbitration is disputed by the parties. Further, the statute clearly reflects that a party need only file a motion to have the proceedings stayed when 'the action is referable to arbitration under an agreement in writing for arbitration.' R.C. 2711.02(B)." *Capital One Bank (USA), N.A. v. Rotman*, 8th Dist. Cuyahoga No. 96891, 2012-Ohio-480, ¶8.

{¶19} "Case law instructs that where a matter is subject to arbitration, '(t)he burden is on the plaintiff to commence the arbitration action, and the parties are obliged to cooperate and respond in a timely manner.' *Sexton v. Kidder, Peabody & Co., Inc.,* 8th Dist. No. 74833, 1999 WL 652028 (Aug. 24, 1999). *See also Kessinger v. SR83*

*Hotel Partners, LLC,* 5th Dist. No. 04-CA-83, 2005-Ohio-4110, * * *, ¶17; *Johnson v. E. Bay Kia, Inc.,* S.D.Ala. No. 08-00656-CG-B, 2009 WL 928674, at *1 (Apr. 2, 2009). Indeed, it would be nonsensical to require a defendant to commence arbitration of a claim against himself. Thus, where a defendant properly exercises a right to arbitration, it is incumbent upon the plaintiff to pursue its claims in arbitration once a stay of the action is granted." (Parallel Citation omitted.) *Rotman, supra,* at ¶9.

{¶20} Like *Rotman*, the terms of the arbitration provision in the Cardmember Agreement in the case at bar gave either party the right to elect arbitration of any claim between them. Thus, either party had the right to have the matter referred to arbitration. As stated, the "Agreement to arbitrate" under the Cardmember Agreement states; "IF EITHER YOU OR WE CHOOSE ARBITRATION, NEITHER PARTY SHALL HAVE THE RIGHT TO LITIGATE SUCH CLAIM IN COURT OR TO HAVE A JURY TRIAL."

{¶21} Appellant indicated her desire for arbitration by requesting a stay in the trial court. She was required to do no more. There is no dispute that the matter was referable to arbitration and thus, the trial court had no basis for demanding that appellant take any steps to initiate it. R.C. 2711.02 requires a court to stay an action if the issue involved falls under an arbitration agreement. *See ABM Farms, supra,* at 500; *Koudela, supra,* at ¶10. Nothing in R.C. 2711.02(B) imposes a requirement that a party must initiate arbitration before seeking a stay. R.C. 2711.02(B) "clearly reflects that a party need only file a motion to have the proceedings stayed." *Rotman, supra,* at ¶8.

{¶22} In addition, while the arbitration provision in the Cardmember Agreement permits appellant to ask Discover to advance arbitration costs, it does not require that she do so. As stated, the cost-deferring procedure in the Cardmember Agreement

applies only "*[i]f you wish* to begin arbitration against [Discover]." (Emphasis added.) However, appellant does not wish to begin arbitration against Discover. Rather, appellant merely insists that if Discover wishes to pursue claims against her, it must do so in arbitration instead of in court.

{¶23} Upon consideration, we find the trial court erred in denying appellant's motion to stay proceedings pending arbitration.

{¶24} For the foregoing reasons, appellant's sole assignment of error is well-taken. The judgment of the Chardon Municipal Court is reversed and the matter is remanded for further proceedings consistent with this opinion. Upon remand, the trial court is instructed to issue an order staying proceedings and referring the matter to arbitration. The trial court shall instruct Discover to timely initiate the arbitration proceedings or else be subject to dismissal of the action pursuant to Civ.R. 41(B).

CYNTHIA WESTCOTT RICE, J., concurs,

TIMOTHY P. CANNON, J., concurs in judgment only with a Concurring Opinion.

_____

TIMOTHY P. CANNON, J., concurring in judgment only.

{¶25} I agree with the majority that the trial court erred in denying appellant's motion to stay proceedings pending arbitration. Appellant was not required to initiate arbitration prior to seeking the stay. I write separately because the majority directs the trial court to "instruct Discover to timely initiate the arbitration proceedings or else be

7

subject to dismissal of the action pursuant to Civ.R. 41(B)." The burden is not on Discover to initiate the proceedings where arbitration is not mandatory.

{¶26} The majority cites to an Eighth Appellate District decision for the proposition that the burden is always on the plaintiff to commence an arbitration action. *See Capital One Bank (USA) v. Rotman*, 8th Dist. Cuyahoga No. 96891, 2012-Ohio-480, ¶9. *Rotman's* reliance on *Sexton v. Kidder* and *Kessinger v. SR83 Hotel Partners, LLC* is misplaced, however, because both cases involved agreements that mandated arbitration. *See Sexton v. Kidder Peabody & Co., Inc.*, 8th Dist. Cuyahoga No. 69093, 1996 WL 100855, *6 (Mar. 7, 1996) and *Kessinger v. SR83 Hotel Partners, LLC*, 5th Dist. Ashland No. 04 CA 83, 2005-Ohio-4110, ¶2-3. Where an agreement mandates arbitration, neither party has a right to initiate litigation in the first place.

{¶27} Here, the arbitration agreement states that "[a]ny claim may be resolved by binding arbitration if either party requests it." The agreement further provides that if either party chooses arbitration then neither party has the right to litigate the claim in court. Because the agreement does not mandate arbitration, Discover could choose to initiate litigation to recover the unpaid credit card balance, which it did. The complaint put appellant on notice that a claim was filed against her. Pursuant to the agreement, appellant could choose to initiate arbitration in order to defend the claim, effectively terminating Discover's right to litigation.

{¶28} Accordingly, I concur with the majority opinion, but disagree with the instruction directing the trial court to order Discover to initiate arbitration. Obviously, Discover did not want to initiate arbitration. If appellant wants to initiate arbitration, however, she should do so without delay.