[Cite as *Johnson v. Encino Energy, L.L.C.*, 2025-Ohio-1593.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

PETER JOHNSON, JR,

Plaintiff-Appellee,

v.

ENCINO ENERGY, LLC ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 CO 0035**

---

Civil Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 24 CV 353

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Ethan Vessels*, Fields, Dehmlow & Vessels, LLC, *Atty. Richard W. Arnold* and *Atty. William S. Cline*, Arnold Gruber, LTD., for Plaintiff-Appellee Peter Johnson, Jr.

*Atty. Timothy B. McGranor*, *Atty. Ilya Batikov*, *Atty. Eric A. Parker*, and *Atty. Celina J. Needle,* Vorys, Sater, Seymour & Pease, LLP, for Defendants-Appellants EAP Ohio, LLC, EAP Operating, LLC, and Encino Energy, LLC

Dated: May 2, 2025

---

**WAITE, J.**

**{¶1}** Appellants, Encino Energy, LLC, EAP Ohio, LLC, and EAP Operating, LLC (collectively "Encino"), appeal the September 24, 2024 judgment entry of the Columbiana County Court of Common Pleas staying the trial court's proceedings pending arbitration in a breach of contract case. Encino contends that the trial court erred by not requiring Appellee, Peter Johnson, Jr., to initiate the arbitration proceedings. Encino also argues that the court erred when the court concluded it did not have the authority to order Appellee to initiate arbitration.

**{¶2}** For the following reasons, we affirm trial court's judgment granting the stay. Encino is correct that the trial court misstated it had no authority to order Appellee to initiate arbitration. Encino is incorrect, though, that the trial court was required to compel Appellee to initiate arbitration. Encino did not file a motion to compel arbitration. The trial court was not required to consider or issue an order compelling arbitration absent a properly filed motion to compel. The trial court's comment about its authority was in the nature of dicta, because it was not ruling on a motion to compel. Neither the trial court nor this Court can order Appellee to initiate arbitration in light of Encino's failure to file a motion to compel arbitration with the trial court. The trial court proceedings remain stayed pending arbitration.

Facts and Procedural History

**{¶3}** The complaint in this case involves a dispute over post-production costs deducted from royalty payments that arise from an oil and gas lease. Appellee filed a complaint on July 29, 2024 in the Columbiana County Court of Common Pleas seeking

to litigate this dispute. The judgment entry under review deals with Encino's assertion of their right to arbitrate the dispute due to an arbitration clause in the lease, and their motion to stay the court proceedings so that arbitration could take place. There have been no factual determinations in this case. The parties do not dispute the existence of, or the terms of, the arbitration clause in the lease.

{¶4} The complaint alleges that Appellee owns 113.46 acres in Hanover Township, Columbiana County, Ohio. An oil and gas lease dated September 29, 2010 was attached to the complaint. The parties to the lease were Appellee and Dale Property Services Penn, LP. Appellants EAP Ohio, LLC, EAP Operating, LLC, and Encino Energy, LLC (collectively referred to as "Encino"), are the successors in interest to Dale Property Services Penn, LP.

{¶5} On September 4, 2024, Encino filed a Motion to Stay Proceedings Pending Arbitration. Encino referenced the arbitration clause in the lease. In their motion, Encino asserted that the lease required the parties to arbitrate disputes under the rules established by the American Arbitration Association Rules (AAA), and that Appellee was required to initiate arbitration proceedings.

{¶6} On September 5, 2024, Appellee filed a Memorandum in Opposition, stating that the parties had previously agreed to arbitrate four other lease disputes using an AAA approved private arbitrator and under AAA Rules. Appellee asserted that Encino decided that they no longer intend to accept the chosen arbitrator, and that Appellee is required to initiate arbitration proceedings. Appellee also argued that the lease was ambiguous, and that any ambiguities should be resolved in his favor.

{¶7} Appellee claimed the lease was silent as to who should initiate arbitration. He argued that the AAA Rules did not require either party to initiate arbitration, and that the party seeking arbitration should be the party to initiate arbitration. Appellee also claimed that the arbitration provision in the lease was unconscionable due to the onerous costs involved in initiating arbitration.

{¶8} On September 9, 2024 Encino filed a reply memorandum. Encino argued that the lease was not unconscionable, and that the lease was not silent as to who should initiate arbitration because it required use of the AAA Rules which contain provisions regarding who must initiate arbitration. Encino contended that AAA Commercial Rule R-4(a) required Appellee to initiate arbitration. They urge there was no dispute about the mandatory arbitration clause in the lease, and that it would be nonsensical for the non-aggrieved party, Encino, to initiate arbitration against itself.

{¶9} On September 24, 2024 the trial court issued its judgment. In a one-page entry, the court stayed the case pending arbitration. The court held that the lease arbitration provision did not require Appellee to initiate arbitration and that Encino could initiate arbitration under the AAA Rules pursuant to the lease. The court held that it could not order Appellee to initiate arbitration.

{¶10} Encino filed a notice of appeal on October 21, 2024. On appeal, they raise two assignments of error. We note that the interlocutory order under review is immediately appealable pursuant to R.C. 2711.15.

{¶11} Encino's first assignment of error asserts:

ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED BY FINDING THAT "THE COURT CANNOT SPECIFICALLY REQUIRE PLAINTIFF TO" INITIATE ARBITRATION UNDER THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION.

{¶12} Encino's first assignment of error is based predominantly on a legal issue: whether the trial court had the authority to order Appellee to initiate arbitration. This is an appropriate question in this appeal because the trial court not only granted a stay pending arbitration, but also stated that it could not order Appellee to initiate arbitration. To the extent Encino is arguing that, under the terms of the 2010 lease, the court had the authority to order Appellee to initiate arbitration, this a matter of contract interpretation and is reviewed de novo. An oil and gas lease is a contract subject to interpretation pursuant to contract rules. *See Gateway Royalty II, LLC v. Gulfport Energy Corp.*, 2024-Ohio-4844, ¶ 16 (7th Dist.). The interpretation of a contract is a matter of law subject to de novo review. *St. Marys v. Auglaize Cty. Bd. of Commrs.*, 2007-Ohio-5026, ¶ 38. We must read the applicable contract in its entirety, give effect to each provision, and ascertain the intent of the parties from considering it as a whole. *Saunders v. Mortensen*, 2004-Ohio-24, ¶ 16. "Courts should attempt to harmonize provisions and words so that every word is given effect." *Christe v. GMS Mgt. Co.,* 124 Ohio App.3d 84, 88 (9th Dist.1997).

{¶13} Encino also argues, in effect, that the stay order was incomplete as the trial court failed to order Appellee to initiate arbitration. In other words, not only did the trial court have the authority to order Appellee to initiate arbitration, the court should have

compelled Appellee to initiate arbitration proceedings. The standard of review for a decision granting or denying a motion to stay proceedings pending arbitration is generally an abuse of discretion. *Villas Di Tuscany Condominium Assn., Inc. v. Villas Di Tuscany*, 2014-Ohio-776, ¶ 9 (7th Dist.). However, a trial court's decision to grant or deny a stay based solely upon questions of law is reviewed under a de novo standard. *Id.*

{¶14} The parties' arguments to the trial court regarding arbitration are contained in Encino's motion for stay, Appellee's response, and Encino's reply to the response. These arguments focused to large extent on whether the arbitration must be conducted by the AAA. The issue of who was required to initiate arbitration was somewhat of a secondary issue. Appellee also argued that the arbitration clause was unconscionable, but he has abandoned that argument on appeal. The parties now largely agree on the existence and terms of the arbitration clause in the lease, and on the general applicability of the AAA Rules to this case.

{¶15} Ohio's Arbitration Act is codified in Revised Code Chapter 2711. R.C. 2711.01(A) states: "A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, . . . shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." Ohio law favors arbitrations and "directs trial courts to grant a stay of litigation in favor of arbitration pursuant to a written arbitration agreement on application of one of the parties, in accordance with R.C. 2711.02(B)." *Taylor Bldg. Corp. of Am. v. Benfield*, 2008-Ohio-938, ¶ 27.

{¶16} Further, R.C. 2711.02(B) states:

If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

**{¶17}** Here, Appellee filed suit, Encino moved to stay the proceedings, and Appellee opposed, alleging the arbitration clause was unconscionable and unenforceable. The trial court disagreed. It found the arbitration clause was enforceable and granted the requested stay. Thus, the trial court proceedings are stayed until the arbitration is conducted.

**{¶18}** Encino argues that both the 2010 oil and gas lease and the AAA Commercial Rules required the trial court to order Appellee to initiate arbitration after the court determined that a stay pending arbitration was appropriate. Encino contends that the arbitration agreement in the lease incorporates by reference the AAA Commercial Rules. It relies primarily on AAA Commercial Rule R-4(a)(i), which governs the initiation of arbitration pursuant to an arbitration provision in a contract. Under this provision, arbitration must be initiated by the "claimant." Encino argues that Appellee is the "claimant," because he filed the breach of contract case in the common pleas court. Encino then concludes that Appellee must initiate arbitration because it would be nonsensical for the non-aggrieved party in a contract dispute to be forced to initiate arbitration under a mandatory arbitration clause in a contract. Encino cites several cases

Case No. 24 CO 0035

in support of this conclusion which also use the word "nonsensical" in reference to trial court decisions that require the non-aggrieved party to initiate arbitration. *Discover Bank v. Bennington*, 2018-Ohio-3246, ¶ 19 (11th Dist.); *Villio v. Fred Martin Ford, Inc.*, 2021-Ohio-2361 (7th Dist.); *Capital One Bank (USA), N.A. v. Rotman*, 2012-Ohio-480 (8th Dist.).

{¶19} Appellee argues that the arbitration clause in the lease is ambiguous as to who should initiate arbitration, and even if it is not ambiguous, the AAA Commercial Rules allow either party to initiate arbitration when a lawsuit has been filed and there is a court order staying the case pending arbitration. Appellee relies on AAA Commercial Rule R-4(a)(ii), which governs arbitration pursuant to a court order. This section states that: "Arbitration pursuant to a court order shall be initiated by the initiating party. . . . c) The party filing the Demand with the AAA is the claimant and the opposing party is the respondent regardless of which party initiated the court action." Appellee argues that either party may be the "claimant" under this section, and the initiation of arbitration is not dependent on which party filed a complaint. Appellee asserts that there is a court order in this case staying proceedings pending arbitration, and therefore, according to AAA Commercial Rule R-4(a)(ii)(c), either party may initiate arbitration. Appellee concludes that in filing a complaint in common pleas court he has waived the right to go to arbitration, and should Encino desire arbitration of the matter, they must initiate arbitration because they asked for the stay pending arbitration.

{¶20} Ohio's Arbitration Act is codified in Revised Code Chapter 2711. R.C. 2711.01(A) states: "A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the

contract, . . . shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."

**{¶21}** Ohio law favors arbitrations and "directs trial courts to grant a stay of litigation in favor of arbitration pursuant to a written arbitration agreement on application of one of the parties, in accordance with R.C. 2711.02(B)." *Taylor Bldg. Corp. of Am. v. Benfield*, 2008-Ohio-938, ¶ 27.

**{¶22}** Again, Appellee filed suit, Encino moved to stay the proceedings, and Appellee opposed, alleging the arbitration clause was unconscionable and unenforceable. The trial court found the arbitration clause was enforceable and granted the requested stay. Appellee did not file a cross-appeal or attack on appeal the trial court's decision that the clause was not unconscionable and the arbitration clause was valid and enforceable. Hence, this issue has been waived on appeal. This appeal only involves which party should initiate arbitration proceedings and whether the trial court should have ordered Appellee to initiate arbitration. Thus, the trial court proceedings are properly stayed until the arbitration is conducted. We now turn to the lease to determine the actual issues on appeal.

**{¶23}** The parties' lease agreement provides in pertinent part:

ARBITRATION. In the event of a disagreement between Lessor and Lessee concerning this Lease or the associated Order of Payment, performance thereunder, or damages caused by Lessee's operations, the resolution of all such disputes shall be determined by arbitration in accordance with the rules of the American Arbitration Association. Arbitration shall be the exclusive remedy and cover all disputes, including

but not limited to, the formation, execution, validity and performance of the Lease and Order of Payment. All fees and costs associated with arbitration shall be borne equally by Lessor and Lessee.

. . .

ENTIRE CONTRACT. The entire agreement between Lessor and Lessee is embodied herein and in the associated Order of Payment (if any). No oral warranties, representations, or promises have been made or relied upon by either party as an inducement to or modification to this Lease.

**{¶24}** Appellee argues that there is no direct lease provision that could have been used by the trial court to force Appellee to initiate arbitration. This is correct. Although the arbitration clause clearly requires the parties to use arbitration to resolve disputes, it does not expressly state who should initiate arbitration. Encino argues, though, that AAA Rules, incorporated by reference into the lease via the arbitration clause, provide the legal basis for the court to order Appellee to initiate arbitration.

**{¶25}** Ohio contract law recognizes the doctrine of incorporation by reference. *Bd. of Edn. of Martins Ferry City School Dist. v. Colaianni Construction, Inc.*, 2023-Ohio-2285, ¶ 91 (7th Dist.). The mere reference to another document alone is insufficient. Instead, "the language used in a contract to incorporate extrinsic material by reference must explicitly, or at least precisely, identify the written material [being] incorporated and must clearly communicate that the purpose of the reference is to incorporate the referenced material into the contract." *Capital Real Estate Partners, LLC v. Nelson,* 2019-Ohio-2381 ¶ 15 (12th Dist.), quoting *Northrop Grumman Info. Tech., Inc. v. United States*, 535 F.3d

1339, 1345 (Fed. Cir. 2008); *accord Bd. of Edn. of Martins Ferry City School Dist.* This is also a question of law for the court to decide. *Id.*

**{¶26}** Once it has been determined that a document has been incorporated by reference, the instruments must be read and construed together. *Porterfield v. Bruner Land Co., Inc.*, 2017-Ohio-9045, ¶ 39 (7th Dist.), citing *Key Bank Natl. Assn. v. Columbus Campus, L.L.C.*, 2013-Ohio-1243, ¶ 21 (10th Dist.).

**{¶27}** Here, the AAA rules were not set forth in the parties' contract and were not filed with the trial court. Notwithstanding, the parties' lease agreement clearly states: "In the event of a disagreement between Lessor and Lessee concerning this Lease or the associated Order of Payment, . . . the resolution of all such disputes shall be determined by arbitration in accordance with the rules of the American Arbitration Association."

**{¶28}** AAA Commercial Rule R-1, "Agreement of Parties," effective September 1, 2022, states in part:

> (a)The parties shall be deemed to have made these Rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association ("AAA") under its Commercial Arbitration Rules or for arbitration by the AAA of a domestic commercial dispute without specifying particular rules. These Rules and any amendment to them shall apply in the form in effect at the time the administrative requirements are met for a Demand for Arbitration or Submission Agreement received by the AAA.

https://www.adr.org/sites/default/files/CommericalRules_Web_1.pdf (accessed January 23, 2025.)

**{¶29}** Although the 2010 lease arbitration clause does not specifically mention the applicability of the AAA Commercial Rules, those rules apply because the dispute is a domestic commercial dispute, and the arbitration clause does cite to the AAA Rules, generally.

**{¶30}** Various courts have upheld arbitration agreements incorporating the rules of the American Arbitration Association by reference. *Columbine Valley Const. v. Bd. of Directors,* 626 P.2d 686, 691-92 (Colo. 1981) ("[t]his explicit agreement to arbitrate in accordance with the rules of the AAA incorporates by reference the rules of that association into the arbitration agreement"); *Paley Assoc., Inc. v. Universal Woolens, Inc.,* 446 F.Supp. 212, 214 (SDNY 1978) (AAA Rules part of arbitration agreement and binding on parties where arbitration agreement states that arbitration will be conducted in accordance with the AAA Rules).

**{¶31}** Based on the explicit reference in the lease agreement to the AAA Rules, and in light of the provision in the AAA Rules requiring that the AAA Commercial Rules apply to a domestic commercial dispute when no specific AAA rules are adopted, we find the parties precisely identified the written material being incorporated, and clearly communicated the purpose of the reference was to incorporate the referenced material into the contract as governing all disputes. *Bromberg & Liebowitz, CPA's v. O'Brien*, 150 N.Y.S.3d 897, *2 (2021) (finding parties incorporated AAA rules by reference and thus the AAA rules govern the scope of the arbitration agreement); *see KeyBank Natl. Assn. v. Southwest Greens of Ohio, L.L.C.*, 2013-Ohio-1243, ¶ 36-39 (10th Dist.) (applying

contract interpretation principles to find construction contract flow provisions were incorporated by reference); *Birchfield Homes, Inc. v. McMahan,* 1992 WL 292726, *2 (11th Dist. Oct. 9, 1992) (finding the contract incorporated the home warranty by reference); *von Arras v. Columbus Radiology Corp.,* 2005-Ohio-2562 (10th Dist.) (incorporating by reference AAA rules).

{¶32} Encino next contends that AAA Commercial Rule R-4(a)(i) dictates that Appellee must initiate arbitration since he is the claimant in this matter, and the "claimant" is required to initiate. AAA Commercial Rule R-4(a)(i), "Filing Requirements," provides:

Arbitration under an arbitration provision in a contract *shall* be initiated by the initiating party ("claimant") filing with the AAA a Demand for Arbitration, the administrative filing fee, and a copy of the applicable arbitration agreement from the parties' contract which provides for arbitration. The filing fee must be paid before a matter is considered properly filed.

(Emphasis added.)

{¶33} Encino also directs this court to the AAA filing requirements and procedural rules as demonstrating the "claimant" is the party seeking affirmative relief. For example, AAA Commercial Rule R-33, "Conduct of Proceedings," states in part: "(a) The claimant shall present evidence to support its claim. The respondent shall then present evidence to support its defense. Witnesses for each party shall also submit to questions from the arbitrator and the adverse party." As noted earlier, Encino asserts it is nonsensical to

require it to present evidence against itself or in defense of the claims raised by Appellee and that these rules further demonstrate Appellee, as the claimant, must initiate.

**{¶34}** On the other hand, Appellee contends that because the agreement to arbitrate is silent as to how the arbitration is to be initiated, but otherwise requires application of AAA rules, either party may initiate. Appellee relies on AAA Commercial Rule R-4(a)(ii), which provides the filing requirements for arbitration commenced pursuant to a court order: "Arbitration pursuant to a court order shall be initiated by the initiating party . . ." Under AAA Commercial Rule R-4(a)(ii)(c) *either* party may initiate arbitration: "The party filing the Demand with the AAA is the claimant and the opposing party is the respondent *regardless of which party initiated the court action*. Parties may request that the arbitrator alter the order of the proceedings if necessary pursuant to Rule R-33 [Conduct of Proceedings]." (Emphasis added.)

**{¶35}** Although the plain language of the parties' lease agreement does not provide who must initiate arbitration, we conclude the AAA Commercial Rules, adopted by incorporation, does. While a defendant *can* be the initiating party under the AAA Rules, under the facts present here, we agree that Appellee must initiate based on AAA Commercial Rule R-4 (a)(i), which sets forth the filing requirements when the initiation of arbitration is pursuant to a contract, rather than Rule R-4(a)(ii) on which Appellee relies.

**{¶36}** The provision that Appellee relies on identifies the claimant as the initiating party regardless of which party filed the lawsuit when the arbitration is instituted pursuant to a court order. There is no court entry here ordering any party to initiate arbitration. Moreover, we find the inclusion of the provision indicating either party may initiate and be identified as the claimant (when the arbitration is pursuant to a court order in AAA

Commercial Rule R-4(a)(ii)) serves to highlight the fact that this provision is not included under AAA Commercial Rule R-4(a)(i), which governs the initiation of arbitration pursuant to a contractual agreement. Additionally, the current version of the AAA Commercial Rules does not define "claimant." The legal definition of the word "claimant" is "[s]omeone who asserts a right or demand, esp. formally; esp., one who asserts a property interest in land, chattels, or tangible things." *Black's Law Dictionary* (12th ed. 2024). We conclude that Appellee is the claimant here, since he is asserting a property interest to unpaid royalties under the parties' contract.

**{¶37}** Because the lease agreement incorporates the AAA Commercial Rules by reference, and the AAA Commercial Rules establish who must initiate arbitration pursuant to an arbitration agreement in a contract, we conclude that the trial court does possess the authority to order Appellee to initiate arbitration proceedings. Encino's first assigned error has merit. Although Encino is correct that the trial court erred, we still must determine whether the error rises to the level of reversible error in this case. This determination will be made in our review of Encino's second assignment of error.

**{¶38}** In Encino's second assignment of error they assert:

<u>ASSIGNMENT OF ERROR NO. 2</u>

THE TRIAL COURT ERRED BY NOT REQUIRING PLAINTIFF-APPELLEE JOHNSON--THE PARTY CLAIMING TO BE AGGRIEVED UNDER THE OIL AND GAS LEASE--TO INITIATE ARBITRATION PROCEEDINGS WITH THE AMERICAN ARBITRATION ASSOCIATION, AS REQUIRED BY THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION, AND

INSTEAD REQUIRING THE DEFENDANTS-APPELLANTS INITIATE SUCH ARBITRATION, CONTRARY TO THOSE RULES.

**{¶39}** Encino argues that the trial court had the power to order Appellee to initiate arbitration, and should have done so in its order staying the case pending arbitration. Appellee again contends that the parties' lease agreement does not directly speak to this issue and that either party may initiate arbitration. As we have concluded under Encino's first assigned error that the parties incorporated the AAA Commercial Rules by reference into their lease agreement, and that AAA Commercial Rule R-4(a)(i) dictates it is Appellee who should initiate arbitration, we have determined that the trial court maintains the ability to order Appellee to initiate arbitration. Thus, the question is whether failure of the trial court to do so was an abuse of discretion.

**{¶40}** The parties agree that Encino did not file a motion to compel arbitration. Encino conceded this point at oral argument. Encino simply requested the trial court stay court proceedings pending arbitration. As discussed above, R.C. 2711.02(B) requires the trial court to issue a stay, upon application of any party, if it determines that an issue involved in the court action is referable to arbitration. In contrast, R.C. 2711.03(A) governs when and how a motion to compel arbitration may be issued. R.C. 2711.03(A) states in part: "The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform *for an order directing that the arbitration proceed in the manner provided for in the written agreement.*" (Emphasis added.)

**{¶41}** Revised Code Chapter 2711 authorizes direct enforcement of arbitration agreements through an order to compel arbitration under R.C. 2711.03, and indirect

enforcement of arbitration agreements pursuant to an order staying trial court proceedings under R.C. 2711.02. *Maestle v. Best Buy Co.,* 2003-Ohio-6465, ¶ 18. A motion to stay pending arbitration, and a motion to compel arbitration, are governed by separate and distinct procedures. *Russell v. RAC Natl. Prod. Serv., L.L.C.*, 2014-Ohio-3392, ¶ 9 (4th Dist.). A party may choose to move for a stay, petition for an order compelling arbitration, or seek both. *Id.* at ¶ 14. Since Encino did not ask the trial court to compel Appellee to initiate arbitration, there can be no abuse of discretion in the trial court's failure to do so.

**{¶42}** Because there was no error in failing to compel Appellee to initiate arbitration, and the trial court did not explicitly order Encino to initiate arbitration, we overrule Encino's second assignment of error. Additionally, we conclude there was no reversible error on the part of the trial court regarding Encino's first assignment of error. Because Encino did not file a motion to compel in this case, the trial court's comment that it could not specifically require Appellee to initiate arbitration was in the nature of dicta, and constitutes harmless error. Although the trial court possesses the power to order Appellee to initiate arbitration, absent a clear request by Encino in the form of a motion to compel, the trial court was not required to do so.

### Conclusion

**{¶43}** Encino appeals an order staying trial court proceedings pending arbitration in a controversy over an oil and gas lease. Although Encino agrees that the case should be stayed, it believes the trial court erred in its order in two ways. First, Encino argues that the court erroneously concluded it had no authority to order Appellee to initiate arbitration. Based on the terms of the lease, the incorporation of the AAA Commercial

Case No. 24 CO 0035

Rules into the lease, and the effect of AAA Commercial Rule R-4(a)(i), the trial court does possess this authority. Encino also argues the trial court should have ordered Appellee to initiate arbitration. Encino did not file a motion to compel arbitration, and therefore, the trial court did not have authority to issue an order to compel under R.C. 2711.03. Hence, while Encino's first assignment of error has merit, any error is harmless due to the failure of Encino to file a motion to compel in this matter.

**{¶44}** The judgment of the trial court is affirmed.

Robb, P.J. concurs.

Hanni, J. concurs.

---

For the reasons stated in the Opinion rendered herein, Appellants' first assignment of error is sustained but does not constitute reversible error, and their second assignment of error is overruled. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. The trial court proceedings remain stayed pending arbitration. Costs to be taxed against the Appellants.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**