[Cite as *Capital Real Estate Partners, L.L.C. v. Nelson*, 2019-Ohio-2381.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| CAPITAL REAL ESTATE PARTNERS, LLC, | : | |
| | : | CASE NO. CA2018-08-085 |
| Appellee/Cross-Appellant, | | CA2018-08-094 |
| | : | |
| | | O P I N I O N |
| - vs - | : | 6/17/2019 |
| | : | |
| SAMUEL NELSON, et al., | : | |
| Appellants/Cross-Appellees. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 16CV88133

Gregory A. Keyser, 6657 Hitching Post Lane, Cincinnati, Ohio 45230, for appellee/cross-appellant

Rittgers & Rittgers, Ryan G. McGraw, Konrad Kircher, 12 East Warren Street, Lebanon, Ohio 45036 for appellants/cross-appellees

**RINGLAND, J.**

{¶ 1} Appellants/Cross-Appellees, Samuel and Ellen Nelson, appeal the decision of the Warren County Court of Common Pleas granting summary judgment in favor of Appellee/Cross-Appellant, Capital Real Estate Partners, LLC ("Capital"). Capital also appeals the trial court's decision with respect to the payment of attorney fees. For the reasons detailed below, we affirm.

**{¶ 2}** Capital is engaged in the business of brokering sales and leases of commercial, office, or industrial real estate. EK Prop, LLC, ("EK") previously owned property at 3751 Commercial Drive, Middletown, Ohio ("Property").

**{¶ 3}** During its ownership of the Property, EK entered into an exclusive Leasing Listing Agreement with Capital. Pursuant to the Leasing Listing Agreement, EK agreed to use Capital as its exclusive agent to market and broker the Property. The Leasing Listing Agreement specified that EK agreed to pay Capital a six percent commission if there was a sale of the Property. In addition to the sale commission, EK also agreed to pay Capital a commission if the Property was leased. The written commission schedule provides that EK pay six percent of the base rent for the first 60 months of the lease period and three percent of the base rent for any remaining period longer than 60 months.

**{¶ 4}** In 2011, Capital secured a lease of the Property to Barrett Paving Materials, Inc. and EK paid the agreed commission.

**{¶ 5}** In June 2015, EK sold the Property to the Nelsons. In so doing, Capital brokered and closed the sale of the Property to the Nelsons for $1,350,000. As part of the closing between the Nelsons and EK, the Nelsons signed a document titled "Contract to Purchase Commercial-Industrial-Investment" ("Contract"). The Contract includes an addendum, which provides in pertinent part:

> Buyer acknowledges that the current tenant of the Property was acquired via the exclusive leasing services of Capital Real Estate Partners, LLC ("Broker") under the terms of a Leasing Listing Agreement entered into between the Seller and Broker on or about January 31, 2011. Under the terms of the Schedule of Sales and Lease Commissions attached to and made a part of the Leasing Listing Agreement, Seller or its successors or assigns owes Broker for ongoing commissions due when/as/if the current tenant of the Property subsequently renews its lease. A copy of the Leasing Listing Agreement and the Schedule of Sales and Lease Commissions are attached hereto as Exhibit A.

Under the terms of that agreement, the obligations for ongoing leasing commissions due to Broker for any and all subsequent renewals are to be transferred from the Seller to a future buyer at the time of closing. Buyer acknowledges these ongoing lease commission payment obligations due to Broker should the tenant renew its lease, and will execute any necessary documentation at closing to memorialize the transfer of these commission obligations from Seller to Buyer for Broker's benefit. Buyer's commitments to honor these ongoing commission obligations shall not merge with the deed; rather, these commission payment obligations shall survive closing until the current tenant's lease obligations (including any subsequent amendments thereto) are expired.

{¶ 6} The Nelsons' signatures appear directly under the addendum. During the period of time prior to closing, the Nelsons were represented by counsel, who also reviewed the Contract and addendum. Following the sale, Capital was paid a sale commission pursuant to the terms of the Agreement.

{¶ 7} Subsequently, the Nelsons renegotiated the lease with Barrett and executed a lease renewal. Upon learning of the lease renewal, Capital sent an invoice to the Nelsons for the commission owed by virtue of the Nelsons' assumption of the obligations provided in the Contract addendum. The Nelsons refused to pay, asserting that they did not realize their obligations under the Contract extended to paying Capital lease renewal commissions.

{¶ 8} On January 7, 2015, Capital filed the instant action against the Nelsons, alleging breach of contract for failure to pay the lease commission following Barrett's lease renewal. Capital also brought claims for breach of contract and unjust enrichment against EK. All parties moved for summary judgment. After considering the motions, the trial court granted summary judgment in favor of Capital. The Nelsons now appeal, raising two assignments of error for review. Capital also cross-appeals the trial court's decision with respect to the denial of attorney fees.

{¶ 9} Assignment of Error No. 1:

- 3 -

**{¶ 10}** THE TRIAL COURT ERRED WHEN IT GRANTED CRP'S MOTION FOR SUMMARY JUDGMENT ON ITS CAUSE OF ACTION FOR BREACH OF CONTRACT.

**{¶ 11}** In their first assignment of error, the Nelsons argue the trial court erred by granting summary judgment in favor of Capital. We find the Nelsons' claims to be without merit.

**{¶ 12}** This court reviews summary judgment decisions de novo, which means we review the trial court's judgment independently and without deference to the trial court's determinations, using the same standard in our review that the trial court should have employed. *Ludwigsen v. Lakeside Plaza, L.L.C.*, 12th Dist. Madison No. CA2014-03-008, 2014-Ohio-5493, ¶ 8. Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion which is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-70 (1998).

**{¶ 13}** To establish a claim for breach of contract, a plaintiff must prove (1) the existence of a contract, (2) plaintiff fulfilled his or her contractual obligations, (3) defendant failed to fulfill his or her contractual obligations, and (4) due to this failure plaintiff incurred damages. *Roberts v. McCoy*, 12th Dist. Butler CA2016-04-071, 2017-Ohio-1329, ¶ 27.

**{¶ 14}** A meeting of the minds occurs where "a reasonable person would find that the parties manifested a present intention to be bound to an agreement." *Connor & Murphy, Ltd. v. Applewood Village Homeowners' Assn.*, 12th Dist. Butler No. CA2007-09-213, 2009-Ohio-1447, ¶ 52. "Parties to contracts are presumed to have read and understood them and * * * a signatory is bound by a contract that he or she willingly signed." *Preferred Capital, Inc. v. Power Engineering Group, Inc.*, 112 Ohio St.3d 429, 2007-Ohio-257, ¶ 10.

{¶ 15} Ohio contract law recognizes the doctrine of incorporation by reference. *Volovetz v. Tremco Barrier Solutions, Inc.*, 10th Dist. Franklin No. 15AP-1056, 2016-Ohio-7707, ¶ 26. When a document is incorporated into a contract by reference, that document becomes part of the contract. *Id.* Mere reference to a document is insufficient to incorporate it. *Id.* at ¶ 27. Rather, the contract language must clearly demonstrate that the parties intended to incorporate all or part of the referenced document. *Id.* In other words:

> the language used in a contract to incorporate extrinsic material by reference must explicitly, or at least precisely, identify the written material begin incorporated and must clearly communicate that the purpose of the reference is to incorporate the referenced material into the contract * * *.

*Id.*, citing *Northrop Grumman Info. Tech., Inc. v. United States*, 535 F.3d 1339, 1345 (Fed.Cir.2008) (distinguishing instances where the parties merely acknowledge referenced material is relevant to the contract). Whether a contract has incorporated another document by reference presents a question of law for a court to determine. *Id.*

{¶ 16} The Nelsons do not dispute that their signatures appear on the Contract addendum. Nevertheless, the Nelsons contend that the trial court erred by granting summary judgment in favor of Capital because (1) the Contract should be construed against Capital as the drafter of the document, (2) the addendum is not sufficiently incorporated into the Contract, (3) there was no meeting of the minds, and (4) the addendum was not supported by consideration. We have reviewed all of the Nelsons' arguments on appeal and find they are without merit.

{¶ 17} In this case, the addendum begins by stating a number of acknowledgments. Pursuant to the terms of the Contract, the Nelsons "acknowledge[d]" that Barrett's tenancy was acquired via the exclusive listing services of Capital "under the terms of a Leasing Listing Agreement entered into between [EK] and [Capital] on or about January 31, 2011." The

addendum then references the Schedule of Sales and Lease Commissions that was incorporated into the pertinent Leasing Listing Agreement.[1] The addendum further states that under the terms of the Leasing Listing Agreement, "the obligations for ongoing lease commissions due to [Capital] for any and all subsequent renewals are to be transferred from the Seller to a future buyer at the time of closing."

{¶ 18} As to the Nelsons' obligations therein, the addendum includes the provision that they "acknowledge[d] the[] ongoing lease commission payment obligations due to [Capital] should the tenant renew its lease" and "will execute any necessary documentation at closing to memorialize the transfer of these commission obligations from Seller to Buyer for Broker's benefit."

{¶ 19} For reasons more pertinent to Capital's cross-appeal, we note that the addendum does not explicitly or precisely state that the Leasing Listing Agreement was fully incorporated into the addendum. The addendum merely references those documents. Nevertheless, by the language employed in the addendum, it is clear that the Nelsons agreed to pay lease commission obligations to Capital. We further find, and agree with the trial court, that the referenced commission obligations relate to the commission schedule contained in the Leasing Listing Agreement. As a result, we find Capital met its burden in establishing the terms of the contract and the Nelsons breached by failing to pay the lease commission upon Barrett's renewal. Though this court construes ambiguity against the drafter, there is no ambiguity that supports the Nelsons' arguments as to their liability for lease commission payments.

{¶ 20} Finally, we reject the Nelsons' claim that the Contract was not supported by

---

1. Since the addendum states that the Schedule of Sales and Lease Commissions was incorporated into the Leasing Listing Agreement, we will refer only to the Leasing Listing Agreement.

consideration. Contrary to the Nelsons' argument, the Contract clearly involved the sale of a valuable property in exchange for money. The terms in the addendum were negotiated terms contained in the Contract. The Nelsons entered into a valid contract and breached that agreement, causing Capital to incur damages in the form of the outstanding lease commission. Based on these facts, we agree that summary judgment was appropriately granted in favor of Capital. As a result, the Nelsons' first assignment of error is overruled.

{¶ 21} Assignment of Error No. 2:

{¶ 22} IN THE UNLIKELY EVENT THE TRIAL COURT'S GRANTING OF SUMMARY JUDGMENT TO CRP IS AFFIRMED, THE TRIAL COURT STILL ERRED IN THE TOTAL AMOUNT OF ITS AWARD TO CRP.

{¶ 23} In their second assignment of error, the Nelsons, for the first time, allege that Capital waived its right to the collection of any additional lease commissions by application of the doctrines of waiver and accord and satisfaction. However, we have thoroughly reviewed the record and determine this argument was never raised or presented below. As this court has previously stated, "[i]t is axiomatic that a party cannot raise new issues or legal theories for the first time on appeal and failure to raise an issue before the trial court results in waiver of that issue for appellate purposes." *BAC Home Loans Servicing, LP. v. Mullins*, 12th Dist. Preble No. CA2013-12-015, 2014-Ohio-4761, ¶ 33. As a result, we overrule the Nelsons second assignment of error.

{¶ 24} Cross-Assignment of Error:

{¶ 25} THE TRIAL COURT ERRED WHEN IT FAILED TO AWARD INTEREST AN [sic] ATTORNEY FEES PROVIDED BY THE PARTIES' WRITTEN CONTRACT FOR REAL ESTATE COMMISSIONS.

{¶ 26} In its cross-assignment of error, Capital argues the trial court erred by denying

attorney fees and interest.  We find Capital's argument to be without merit.

{¶ 27} As noted above, Ohio contract law recognizes the doctrine of incorporation by reference.  *Volovetz*, 2016-Ohio-7707 at ¶ 26.  However "mere reference" to a document is insufficient unless the contract language clearly demonstrates that the parties intended to incorporate all or part of the referenced document.  *Id.* at ¶ 27.

{¶ 28} In this case, as stated above, the plain language of the addendum provides that the Nelsons agreed to assume the obligation of paying lease commissions upon renewal.  The addendum further provides that the commission schedule is set forth in the Leasing Listing Agreement.  However, the addendum makes no reference to the payment of attorney fees or interest and the contract language does not clearly demonstrate that the parties intended to fully incorporate the terms set forth in the Leasing Listing Agreement.  Rather, as correctly found by the trial court, "it is not at all clear * * * that the contract provision can reasonably be interpreted to include all of the ancillary terms of the separate agreement, including attorney's fees and interest."  As a result, we find Capital's cross-assignment of error to be without merit and therefore overruled.

Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.