[Cite as *Fligiel v. Encino Energy, L.L.C.*, 2025-Ohio-1647.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## CARROLL COUNTY

GEORGE AND CYNTHIA FLIGIEL,

Plaintiffs-Appellees,

v.

ENCINO ENERGY, LLC et al.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 CA 0979

---

Civil Appeal from the
Court of Common Pleas of Carroll County, Ohio
Case No. 2024CVH30539.

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed, Reversed and Vacated.

---

*Atty. Ethan Vessels*, Fields, Dehmlow & Vessels, LLC, and *Atty. Richard Arnold, Atty. William Cline,* Arnold Gruber, LTD, for Plaintiffs-Appellees and

*Atty. Timothy B. McGranor, Atty. Ilya Batikov, Atty. Eric A. Parker, Atty. Celina J. Needle,* Vorys, Sater, Seymour and Pease LLP, for Defendants-Appellants.

Dated:  May 2, 2025

**Robb, P.J.**

{¶1}    Appellants, Encino Energy, LLC, EAP Ohio, LLC, and EAP Operating, LLC (collectively Encino), appeal the trial court's September 3, 2024 judgment granting Encino's motion to stay the trial court proceedings pending arbitration.  Encino contends the trial court erred by concluding the parties' arbitration agreement did not require the arbitration to be administered by the American Arbitration Association (AAA).  Encino also claims the trial court erred by holding the agreement did not require Appellees, George and Cynthia Fligiel, as the claimants, to initiate the arbitration proceedings.

{¶2}    For the following reasons, we affirm the trial court's decision granting the stay.  However, the trial court erred to the extent it determined the agreement allows arbitration with a private arbitrator.  To the extent Encino claims the Fligiels are required to initiate arbitration under the AAA Rules, we disagree.  Instead, we cannot order the Fligiels to initiate arbitration in light of the lack of motion to compel arbitration and the applicable AAA Rules.

Statement of the Facts and Case

{¶3}    In July of 2024, George and Cynthia Fligiel filed suit against Encino.  The Fligiels own more than 162 acres in Perry Township, Carroll County.  The Fligiels were parties to an oil and gas lease agreement with Chesapeake Exploration, LLC, who assigned the lease to Encino.  The Fligiels asserted claims for breach of contract and unjust enrichment regarding post-production deductions allegedly wrongfully taken from their royalty payments.  The Fligiels requested an accounting, an injunction, declaratory relief, and sought to pierce the corporate veil.  The Fligiels attached a copy of their December 2010 oil and gas lease to their complaint as Exhibit 1.  (July 25, 2024 Complaint.)

{¶4}    Encino moved to stay the litigation pending arbitration under Section Three of the Federal Arbitration Act, 9 U.S.C. 3.  They asked the court to stay the case until the Fligiels initiated arbitration proceedings with the American Arbitration Association, pursuant to the parties' contract.  Encino argued the Fligiels must initiate arbitration with the American Arbitration Association per the parties' contract.  Encino directed the trial court to AAA Rule R-2(a) in support of this contention.  (August 27, 2024 Motion to Stay.)

{¶5}    The Fligiels opposed the motion to stay and claimed the parties' agreement does not dictate they must initiate arbitration with the AAA.  Instead, the Fligiels alleged they had the right to file suit and the lease only states that arbitration, when pursued, must proceed under the AAA rules, not with the AAA.  The Fligiels also argued the lease agreement is silent as to who must initiate the arbitration, and as such, the party seeking arbitration should initiate it.  They also urged the court to find the arbitration agreement is unconscionable.  (August 29, 2024 Response in Opposition.)

{¶6}    Encino's reply in support of arbitration contends the lease dictates the AAA is to administer the arbitration.  Encino also argued it cannot initiate arbitration proceedings against itself and that its decision to arbitrate prior matters outside of the AAA is irrelevant and not determinative.  (September 3, 2024 Reply in Support.)

{¶7}    The trial court granted the motion to stay in part.  The court stayed the proceedings pending arbitration.  It concluded that according to the parties' contract, arbitration must be held in accordance with the AAA rules.  Thus, it found the parties could "procure a private arbitrator to arbitrate the case, pursuant to American Arbitration Association rules."  The court denied Appellants' motion to the extent they sought an order compelling the Fligiels to initiate the arbitration and concluded "[t]he Defendant may procure a private arbitrator to arbitrate the case, pursuant to American Arbitration Association rules."  (September 3, 2024 Judgment.)

{¶8}    Appellants raise two assignments of error.

Assignments of Error

{¶9}    We address Encino's second assignment of error first.  It contends:

"The trial court erred by not requiring Plaintiffs-Appellees George and Cynthia Fligiel—the parties claiming to be aggrieved under the oil and gas lease—to initiate arbitration proceedings with the American Arbitration Association, as required by the Rules of the American Arbitration Association, and instead requiring that Defendants-Appellants initiate such arbitration, contrary to those rules."

{¶10}  Encino urges us to find the parties' lease requires the AAA to administer the arbitration proceedings and the trial court failed to apply the AAA Rules.  They direct us to AAA Rule R-2(a), as dictating the AAA must *administer* the arbitration.  To the extent

this assignment of error addresses who is to initiate arbitration under the parties' lease, we consider that issue separately under Encino's next assignment of error.

**{¶11}** Ohio law favors arbitrations and "directs trial courts to grant a stay of litigation in favor of arbitration pursuant to a written arbitration agreement on application of one of the parties, in accordance with R.C. 2711.02(B)." *Taylor Bldg. Corp. of Am. v. Benfield*, 2008-Ohio-938, ¶ 27.

**{¶12}** Ohio's Arbitration Act is codified in Revised Code Chapter 2711. R.C. 2711.01(A) states: "A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, ... shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."

**{¶13}** Further, R.C. 2711.02(B) states:

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, *shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement*, provided the applicant for the stay is not in default in proceeding with arbitration.

(Emphasis added.)

**{¶14}** Here, the Fligiels filed suit, Encino moved to stay the proceedings, and the Fligiels opposed alleging the arbitration clause was unconscionable and unenforceable. The trial court disagreed. It found the arbitration clause was enforceable; and granted the requested stay. Thus, the trial court proceedings are stayed until the arbitration is conducted.

**{¶15}** Encino did not move to compel arbitration. R.C. 2711.03(A) states in part: "The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform *for an order directing that the arbitration proceed in the manner provided for in the written agreement.*" (Emphasis added.)

**{¶16}** "Arbitration is favored because it provides the parties thereto a relatively expeditious and economical means of resolving a dispute." *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 712 (1992). Moreover, arbitration helps relieve crowded dockets. *Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn.*, 22 Ohio St.3d 80, 83 (1986). A presumption favoring arbitration arises when the claim falls within the scope of the arbitration provision. *New Hope Community Church v. Patriot Energy Partners, L.L.C.*, 2013-Ohio-5882, ¶ 14 (7th Dist.).

**{¶17}** The standard of review for a decision granting or denying a motion to stay proceedings pending arbitration is generally an abuse of discretion. *Villas Di Tuscany Condominium Assn., Inc. v. Villas Di Tuscany,* 2014-Ohio-776, ¶ 9 (7th Dist.). However, a trial court's grant or denial of a stay based solely upon questions of law is reviewed under a de novo standard. *Id.*

**{¶18}** An oil and gas lease is a contract subject to interpretation pursuant to general contract law. *See Gateway Royalty II, LLC v. Gulfport Energy Corp.*, 2024-Ohio-4844, ¶ 16 (7th Dist.). The interpretation of a contract is a matter of law subject to de novo review. *St. Marys v. Auglaize Cty. Bd. of Commrs.*, 2007-Ohio-5026, ¶ 38. We must read the applicable contract in its entirety, give effect to each provision, and ascertain the intent of the parties from considering it as a whole. *Saunders v. Mortensen*, 2004-Ohio-24, ¶ 16. "Courts should attempt to harmonize provisions and words so that every word is given effect." *Christe v. GMS Mgt. Co.,* 124 Ohio App.3d 84, 88 (9th Dist.1997).

**{¶19}** The parties' lease agreement provides in pertinent part:

> ARBITRATION. *In the event of a disagreement* between Lessor and Lessee concerning this Lease or the associated Order of Payment, performance thereunder, or damages caused by Lessee's operations, *the resolution of all such disputes shall be determined by arbitration in accordance with the rules of the American Arbitration Association*. Arbitration shall be the exclusive remedy and cover all disputes, including but not limited to, the formation, execution, validity and performance of the Lease and Order of Payment. All fees and costs associated with arbitration shall be borne equally by Lessor and Lessee.

. . .

> ENTIRE CONTRACT.  The entire agreement between Lessor and Lessee is embodied herein and in the associated Order of Payment (if any).  No oral warranties, representations, or promises have been made or relied upon by either party as an inducement to or modification to this Lease.

(Emphasis added.)

**{¶20}**  Ohio contract law recognizes the doctrine of incorporation by reference.  *Bd. of Edn. of Martins Ferry City School Dist. v. Colaianni Construction, Inc.*, 2023-Ohio-2285, ¶ 91 (7th Dist.).  The reference to another document alone is insufficient.  Instead, "the language used in a contract to incorporate extrinsic material by reference must explicitly, or at least precisely, identify the written material [being] incorporated and must clearly communicate that the purpose of the reference is to incorporate the referenced material into the contract."  *Capital Real Estate Partners, LLC v. Nelson,* 2019-Ohio-2381 ¶ 15 (12th Dist.), quoting *Northrop Grumman Info. Tech., Inc. v. United States*, 535 F.3d 1339, 1345 (Fed. Cir. 2008); *accord Bd. of Edn. of Martins Ferry City School Dist*.  This is also a question of law for the court to decide.  *Id.*

**{¶21}**  Once it has been determined that a document has been incorporated by reference, the instruments must be read and construed together.  *Porterfield v. Bruner Land Co., Inc.*, 2017-Ohio-9045, ¶ 39 (7th Dist.), citing *Key Bank Natl. Assn. v. Columbus Campus, L.L.C.*, 2013-Ohio-1243, ¶ 24 (10th Dist.).

**{¶22}**  Here, the AAA rules were not set forth in the parties' contract and were not filed with the trial court.  Notwithstanding, the parties' lease agreement clearly states:  "In the event of a disagreement between Lessor and Lessee concerning this Lease or the associated Order of Payment, . . . the resolution of all such disputes shall be determined by arbitration in accordance with the rules of the American Arbitration Association."

**{¶23}**  In its August 27, 2024 Motion to Stay, Encino referred the trial court to AAA Commercial Arbitration Rule, AAA R-2(a), "Delegation of Duties, Conduct of Parties, Administrative Review Council."  This rule states:  "(a) When parties agree to arbitrate under these Rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these Rules, *they thereby authorize the AAA to administer the arbitration.*"

(Emphasis added) https://www.adr.org/sites/default/files/CommercialRules_Web_1.pdf (accessed January 17, 2025).

**{¶24}** In light of the explicit reference in the lease agreement to the AAA Rules, we find the parties precisely identified the written material being incorporated as the American Arbitration Rules and clearly communicated the purpose of the reference was to incorporate the referenced material into the contract as governing all disputes. *Bromberg & Liebowitz, CPA's v. O'Brien*, 150 N.Y.S.3d 897, *2 (2021) (finding parties incorporated AAA rules by reference and thus the AAA rules govern the scope of the arbitration agreement); *see KeyBank Natl. Assn. v. Southwest Greens of Ohio, L.L.C.*, 2013-Ohio-1243, ¶ 36-39 (10th Dist.) (applying contract interpretation principles to find construction contract flow provisions were incorporated by reference); *Birchfield Homes, Inc. v. McMahan,* 1992 WL 292726, *2 (11th Dist. Oct. 9, 1992) (finding the contract incorporated the home warranty by reference); *von Arras v. Columbus Radiology Corp.*, 2005-Ohio-2562 (10th Dist.) (incorporating by reference AAA rules).

**{¶25}** Various courts have upheld arbitration agreements incorporating the rules of the American Arbitration Association by reference. *Columbine Valley Const. v. Bd. of Directors,* 626 P.2d 686, 691-92 (Colo. 1981) ("[t]his explicit agreement to arbitrate in accordance with the rules of the AAA incorporates by reference the rules of that association into the arbitration agreement"); *Paley Assoc., Inc. v. Universal Woolens, Inc.,* 446 F.Supp. 212, 214 (SDNY 1978) (AAA Rules part of arbitration agreement and binding on parties where arbitration agreement states that arbitration will be conducted in accordance with the AAA Rules).

**{¶26}** In light of the parties' incorporation of the AAA Rules by reference and the text of the AAA Rules dictating that when "parties agree to arbitrate under the [AAA] Rules," they agree that the AAA will *administer* the arbitration, we conclude the arbitration was required to be administered by the AAA, consistent with Encino's argument. AAA R-2(a).

**{¶27}** Because the lease agreement incorporates the AAA Rules by reference, and the AAA Rules establish the AAA as the forum for arbitration, Encino's second assigned error has merit.

**{¶28}** Encino's first assignment of error asserts:

"The trial court erred by holding that '[t]he Defendants' Motion is hereby DENIED to the extent that the Defendants seek an order requiring the Plaintiffs to initiate arbitration proceedings."

**{¶29}** Encino claims the trial court erred by finding Encino must initiate arbitration proceedings against themselves. Like its prior assigned error, Encino claims its lease agreement incorporates the American Arbitration Association rules, and these rules require the party asserting a claim, the "claimant," to initiate the arbitration proceedings.

**{¶30}** The parties' arguments to the trial court focused on whether the arbitration must be *conducted by the AAA*—not who was required to initiate arbitration. The issue of who was required to initiate arbitration was a secondary issue.

**{¶31}** As argued by the Fligiels, the parties' lease agreement does not directly speak to this issue. However, consistent with our conclusion under Encino's second assigned error that the parties incorporated the AAA Rules by reference in their lease agreement, we also conclude the AAA Rules govern the issue of who is to initiate arbitration.

**{¶32}** The current version of the AAA Commercial Arbitration Rules, effective September 1, 2022, AAA Rule R-1, "Agreement of Parties" states in part:

> (a) The parties shall be deemed to have made these Rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association ("AAA") under its Commercial Arbitration Rules or for arbitration by the AAA of a domestic commercial dispute without specifying particular rules. These Rules and any amendment to them shall apply in the form in effect at the time the administrative requirements are met for a Demand for Arbitration or Submission Agreement received by the AAA.

https://www.adr.org/sites/default/files/CommericalRules_Web_1.pdf (accessed January 23, 2025.)

**{¶33}** Encino directs us to AAA Rule R-4(a)(i) as dictating the Fligiels must initiate arbitration since they are the claimant, and the resolution of the matter via arbitration is pursuant to a written contract. AAA Rule R-4(a)(i), "Filing Requirements," provides:

Arbitration under an arbitration provision in a contract *shall* be initiated by the initiating party ("claimant") filing with the AAA a Demand for Arbitration, the administrative filing fee, and a copy of the applicable arbitration agreement from the parties' contract which provides for arbitration. The filing fee must be paid before a matter is considered properly filed.

(Emphasis added.)

{¶34} Encino also directs this court to the AAA filing requirements and procedural rules as demonstrating the "claimant" is the party seeking affirmative relief. For example, AAA Rule R-33, "Conduct of Proceedings," states in part: "(a) The claimant shall present evidence to support its claim. The respondent shall then present evidence to support its defense. Witnesses for each party shall also submit to questions from the arbitrator and the adverse party." Encino asserts it is nonsensical to require it to present evidence against itself or in defense of the claims raised by the Fligiels and that these rules further demonstrate the Fligiels, as the claimant, must initiate.

{¶35} On the other hand, the Fligiels contend because the agreement to arbitrate is silent as to how the arbitration is to be initiated, but otherwise requires application of AAA rules, upon being served with a lawsuit either party may initiate. They rely on AAA Rule R-4(a)(ii), which dictates the filing requirements for arbitration commenced pursuant to a court order, as demonstrating that *either* party may be the party initiating arbitration. AAA Rule R-4(a)(ii)(c) states: "The party filing the Demand with the AAA is the claimant and the opposing party is the respondent *regardless of which party initiated the court action*. Parties may request that the arbitrator alter the order of the proceedings if necessary pursuant to Rule R-33 [Conduct of Proccedings]." (Emphasis added.)

{¶36} Although the plain language of the parties' lease agreement does not provide who must initiate arbitration, we conclude the AAA Rules, adopted by incorporation, do. While a defendant *can* be the initiating party under the AAA Rules, under the facts present here, we agree the Fligiels must initiate based on Rule R-4 (a)(i), which sets forth the filing requirements when the initiation of arbitration is pursuant to a contract.

{¶37} The provision the Fligiels rely on identifies the claimant as the initiating party regardless of which party filed the lawsuit when the arbitration is pursuant to a court order.

Case No. 24 CA 0979

A court order compelling arbitration is absent here. Instead, Encino sought and was granted an order staying the trial court proceedings in light of the parties' contract containing an arbitration clause.

**{¶38}** Moreover, we find the inclusion of the provision indicating either party may initiate and be identified as the claimant (when the arbitration is pursuant to a court order in AAA Rule R-4(a)(ii)) highlights that this provision is not included under AAA Rule R-4(a)(i), which governs the initiation of arbitration under a contract.

**{¶39}** Additionally, the current version of the AAA Rules does not define "claimant." The legal definition of the word "claimant" is "[s]omeone who asserts a right or demand, esp. formally; esp., one who asserts a property interest in land, chattels, or tangible things." *Black's Law Dictionary* (12th ed. 2024). We conclude the Fligiels are the claimants here since they are asserting a property interest to unpaid royalties under the parties' contract.

**{¶40}** Thus, in light of the parties' incorporation by reference and explicit adoption of the AAA as governing any contract disputes, these AAA provisions and terms dictate the Fligiels must initiate the arbitration since they are the party seeking affirmative relief. AAA Rule R-4 (a)(i). *See In re Bruce Terminix Co.*, 988 S.W.2d 702, 705 (Tex.1998) ("placing the burden on the party against whom relief is sought would lead to [a] strange . . . reversal of the litigants' proper roles" when considering waiver of the right to arbitrate).

**{¶41}** Thus, by agreeing to the AAA Rules, the Fligiels agreed to place the burden of initiating arbitration on the party seeking relief. Notwithstanding, because Encino moved the trial court for a stay of proceedings pending arbitration, we cannot compel the Fligiels to initiate it. *See Maestle v. Best Buy Co.,* 2003-Ohio-6465, ¶ 14 (explaining that Revised Code Chapter 2711 authorizes direct enforcement of arbitration agreements through an order to compel arbitration under R.C. 2711.03, and indirect enforcement of arbitration agreements pursuant to an order staying trial court proceedings under R.C. 2711.02.) A party may choose to move for a stay, petition for an order compelling arbitration, or seek both. *Id.* at ¶ 18. Thus, this assigned error lacks merit.

Conclusion

**{¶42}** The trial court's decision is affirmed to the extent the trial court granted Encino's motion to stay the proceedings pending arbitration.

Case No. 24 CA 0979

**{¶43}** However, we reverse the trial court's decision in part and find the parties incorporated the AAA Rules by reference and these rules provide that the parties agreed the AAA shall administer the arbitration. The trial court erred to the extent it found the parties could hire a private arbitrator.

**{¶44}** As for the disagreement as to who must initiate the arbitration proceedings, to the extent the Fligiels are seeking affirmative relief, i.e., unpaid royalties, the AAA puts the onus on them to initiate the arbitration proceedings. Yet, we decline to issue an order compelling the Fligiels to initiate since Encino did not file a motion to compel with the trial court.

**{¶45}** Thus, we affirm the stay of the trial court proceedings pending arbitration but reverse and vacate the trial court's decision to the extent it concluded the parties could pursue arbitration with a private arbitrator.

Waite, J., concurs.

Hanni, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that the stay of the trial court proceedings pending arbitration is affirmed. We reverse and vacate the trial court's decision to the extent it concluded the parties could pursue arbitration with a private arbitrator according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellees.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**