[Cite as *Buckeye Boy Scout Found. v. Encino Energy, L.L.C.*, 2025-Ohio-4868.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
CARROLL COUNTY

BUCKEYE BOY SCOUT FOUNDATION,

Plaintiff-Appellant,

v.

ENCINO ENERGY, LLC ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 CA 0986**

---

Civil Appeal from the
Court of Common Pleas of Carroll County, Ohio
Case No. 2024CVH30627

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Ethan Vessels*, Fields, Dehmlow & Vessels, LLC, and *Atty. Richard Arnold* and *Atty. William Cline*, Arnold Gruber, LTD., for Plaintiff-Appellant and

*Atty. Timothy B. McGranor*, *Atty. Ilya Batikov*, *Atty. Emily J. Taft*, and *Atty. Brady R. Wilson,* Vorys, Sater, Seymour and Pease, LLP, for Defendants-Appellees.

Dated:  October 23, 2025

_____

**HANNI, J.**

**{¶1}**    Appellant, Buckeye Boy Scout Foundation, appeals from a Carroll County Common Pleas Court judgment granting Appellees', Encino Energy, LLC, EAP Ohio, LLC, and EAP Operating, LLC, motion to stay proceedings pending arbitration and directing Appellant, the party seeking affirmative relief, to initiate the arbitration proceedings pursuant to American Arbitration Association (AAA) Rule R-4(a)(i).

**{¶2}**    On appeal, Appellant argues the trial court erred in directing it to initiate arbitration proceedings.  Appellant asserts the subject lease, which states that "[e]ither party may initiate any arbitration proceeding[,]" does not require it (the plaintiff) to initiate proceedings with the AAA.  (12/10/2024 Complaint, Exhibit 1, "Oil & Gas Lease," p. 2, ¶ 13).  Appellant further maintains even if the agreement to arbitrate was silent with regard to how the arbitration must be initiated but otherwise requires application of AAA rules, Appellees (the defendants) may initiate the proceedings with the AAA at their election.

**{¶3}**    This Court has already considered and rejected similar arguments as those presented by Appellant in this appeal on three separate occasions:  *Fligiel v. Encino Energy, LLC*, 2025-Ohio-1647 (7th Dist.); *Wolfe v. Encino Energy, LLC*, 2025-Ohio-1584 (7th Dist.); *Johnson v. Encino Energy, LLC*, 2025-Ohio-1593 (7th Dist.).  We again reject these arguments.

**{¶4}**    On August 25, 2008, Appellant entered into an oil and gas lease (the Lease) with Patriot Energy Partners LLC (Patriot).  Appellee EAP Ohio, LLC is the successor in interest to Patriot by assignment.  The Lease contains an arbitration provision that states:

> **NOTICES AND ARBITRATION**. In the event either party considers that the other has not complied with any of its obligations hereunder, either express or implied, said party shall notify the other in writing setting out specifically in what respects this contract has been breached.  The party served with such notice shall then have thirty (30) days after receipt of notice within which to meet or commence to meet all or any part of the breaches alleged.  The service of said notice shall be mandatory prior to the bringing of any claim under this lease of any cause, and no such action shall

Case No. 25 CA 0986

be brought until the lapse of thirty (30) days after the service of such notice. Any controversy or claim arising out of or relating to this agreement shall be settled by arbitration. Either party may initiate any arbitration proceeding by notifying the other party in writing, but only after the aforementioned notice of breach [has] been served and the time period for cure provided for in this lease has expired. The procedure to be followed in the event of any arbitration shall be that prescribed in the Rules of the American Arbitration Association. Judgment upon the award rendered by the arbitrators may be entered in any Court having jurisdiction thereof.

(12/10/2024 Complaint, Exhibit 1, "Oil & Gas Lease," p. 2, ¶ 13).

{¶5}    On December 10, 2024, Appellant filed a complaint against Appellees alleging five counts: (1) request for accounting; (2) breach of contract; (3) unjust enrichment; (4) injunctive and declaratory relief; and (5) piercing the corporate veil. On February 6, 2025, Appellees removed the case to the United States District Court, Northern District of Ohio, Eastern Division. On March 24, 2025, the United States District Court remanded the case back to the trial court for lack of subject matter jurisdiction. Following remand, on April 2, 2025, Appellees filed a motion to stay proceedings pending arbitration. Appellant filed an opposition the next day. Appellees filed a reply on April 9, 2025.

{¶6}    Seventeen days after this Court's decisions in *Fligiel*, *Wolfe*, and *Johnson*, the trial court granted Appellees' motion to stay proceedings pending arbitration on May 19, 2025. Specifically, the court held:

> The Defendant is requesting arbitration as they are entitled to under the contract. According to the contract, this arbitration must be done by the American Arbitration Association, in accordance with the AAA rules. Accordingly, the Court hereby STAYS this action pending arbitration. Further, pursuant to AAA Rule R-4, the Plaintiff is the party seeking affirmative relief and is directed to initiate the arbitration proceedings.

(5/19/2025 Judgment Entry).

Case No. 25 CA 0986

{¶7}   Appellant filed a timely appeal and raises a single assignment of error that states:

THE TRIAL COURT ERRED IN DIRECTING THE PLAINTIFF TO INITIATE ARBITRATION PROCEEDINGS.

{¶8}   In its sole assignment of error, Appellant argues the trial court erred in directing it (the plaintiff) to initiate arbitration proceedings.   Appellant advances three issues: (1) "Does the subject lease, which states that 'either party may initiate any arbitration proceeding,' require the Plaintiff to 'initiate' proceedings with the AAA?"; (2) "Do[es] the AAA's rule permit a defendant, as the party demanding arbitration, to 'initiate' proceedings with the AAA?"; and (3) "Should this Court continue to apply the *dicta* contained in the recent *Fligiel* decision?"  (Appellant's Brief, p. i).

{¶9}   This Court set out the applicable law in *Wolfe v. Encino Energy, LLC*, 2025-Ohio-1584, ¶ 14-16 (7th Dist.), as follows:

Ohio law favors arbitrations and "directs trial courts to grant a stay of litigation in favor of arbitration pursuant to a written arbitration agreement on application of one of the parties, in accordance with R.C. 2711.02(B)." *Taylor Bldg. Corp. of Am. v. Benfield*, 2008-Ohio-938, ¶ 27.

Ohio's Arbitration Act is codified in Revised Code Chapter 2711. R.C. 2711.01(A) states: "A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, ... shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."

Further, R.C. 2711.02(B) states:

If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, *shall on application of one of the parties stay the trial of the action until the arbitration*

*of the issue has been had in accordance with the agreement*, provided the applicant for the stay is not in default in proceeding with arbitration.

(Emphasis added.)

**{¶10}** After discussing R.C. 2711.02(B), we went on to elaborate on the benefits of arbitration and set out the standard of review:

> "Arbitration is favored because it provides the parties thereto a relatively expeditious and economical means of resolving a dispute." *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 712 (1992). Moreover, arbitration helps relieve crowded dockets. *Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn.*, 22 Ohio St.3d 80, 83 (1986). A presumption favoring arbitration arises when the claim falls within the scope of the arbitration provision. *New Hope Community Church v. Patriot Energy Partners, L.L.C.*, 2013-Ohio-5882, ¶ 14 (7th Dist.).

> The standard of review for a decision granting or denying a motion to stay proceedings pending arbitration is generally an abuse of discretion. *Villas Di Tuscany Condominium Assn., Inc. v. Villas Di Tuscany*, 2014-Ohio-776, ¶ 9 (7th Dist.). However, a trial court's grant or denial of a stay based solely upon questions of law is reviewed under a de novo standard. *Id*.

> An oil and gas lease is a contract subject to interpretation pursuant to general contract law. *See Gateway Royalty II, LLC v. Gulfport Energy Corp.*, 2024-Ohio-4844, ¶ 16 (7th Dist.). The interpretation of a contract is a matter of law subject to de novo review. *St. Marys v. Auglaize Cty. Bd. of Commrs.*, 2007-Ohio-5026, ¶ 38. We must read the applicable contract in its entirety, give effect to each provision, and ascertain the intent of the parties from considering it as a whole. *Saunders v. Mortensen*, 2004-Ohio-24, ¶ 16. "Courts should attempt to harmonize provisions and words so that every word is given effect." *Christe v. GMS Mgt. Co.*, 124 Ohio App.3d 84, 88 (9th Dist.1997).

*Id*. at ¶ 19-21.

**{¶11}** The Lease's arbitration provision contains three key requirements. First, "[i]n the event either party considers that the other has not complied with any of its obligations [under the Lease]" that "party shall notify the other in writing setting out specifically in what respects [the Lease] has been breached." (Complaint, Exhibit 1, "Oil & Gas Lease," p. 2, ¶ 13). This provision, commonly referred to as a "notice provision," is required to occur at least 30 days before the aggrieved party who issued the notice is permitted to initiate arbitration.

**{¶12}** Second, "[e]ither party may initiate any arbitration proceeding . . . but only after the aforementioned notice of breach [has] been served and the time period for cure provided for in this lease has expired." (Complaint, Exhibit 1, "Oil & Gas Lease," p. 2, ¶ 13). Thus, although the Lease expressly contemplates that either party may be the party initiating arbitration, the prerequisite to initiating arbitration is satisfaction of the notice provision. It is undisputed in the instant matter that Appellant is the only party that served a notice of breach.

**{¶13}** Third, all disputes related to the Lease "shall" be resolved through arbitration under the AAA rules. (Complaint, Exhibit 1, "Oil & Gas Lease," p. 2, ¶ 13). Therefore, the AAA rules govern all arbitration proceedings.

**{¶14}** To initiate arbitration, Rule R-4(a)(i) of the AAA rules provides:

> Arbitration under an arbitration provision in a contract *shall be initiated by the initiating party ("claimant")* filing with the AAA a Demand for Arbitration, the administrative filing fee, and a copy of the applicable arbitration agreement from the parties' contract which provides for arbitration.

(Emphasis added.) (Appellees' Motion to Stay Proceedings Pending Arbitration, Exhibit 1, American Arbitration Association, Commercial Arbitration Rules and Mediation Procedures, p. 11 (2022)). Thus, the claimant is required to initiate arbitration.

**{¶15}** Once a claimant commences arbitration proceedings, the AAA is required to administer the arbitration. Specifically, Rule R-2(a) provides, "[w]hen parties agree to arbitrate under these Rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these Rules, *they thereby authorize the AAA to administer the arbitration*." (Emphasis added.)

**{¶16}** Regarding Appellant's first issue, again, the Lease states that "[e]ither party may initiate any arbitration proceeding[,]" and requires the plaintiff (Appellant) to initiate proceedings with the AAA. (Complaint, Exhibit 1, "Oil & Gas Lease," p. 2, ¶ 13). Because Appellant is the party seeking affirmative relief in this matter, it must be the party to initiate arbitration. Regarding Appellant's second issue, although the AAA rules may allow a defendant to initiate arbitration proceedings in certain situations, such a scenario is not present here. Thus, Appellant must be the party to initiate arbitration proceedings.

**{¶17}** Appellant is the only party alleging a breach under the Lease. Therefore, Appellant is the claimant. A "'claimant' is '(s)omeone who asserts a right or demand, esp. formally; esp., one who asserts a property interest in land, chattels, or tangible things.'" *Fligiel,* 2025-Ohio-1647, at ¶ 39 (7th Dist.), citing *Black's Law Dictionary* (12th ed. 2024). Appellees, the non-aggrieved party, are the respondents.

**{¶18}** Appellant contends that Rule R-4(a)(ii)(c) of the AAA rules establishes that a non-aggrieved party can initiate arbitration. However, that subsection addresses arbitration "pursuant to a court order." The subsection of the AAA rules applicable to the instant case is Rule R-4(a)(i) which requires Appellant to initiate arbitration. ("Arbitration under an arbitration provision in a contract *shall be initiated by the initiating party ("claimant")* filing with the AAA a Demand for Arbitration[.]") (Emphasis added.)

**{¶19}** Appellant claims that because the Lease states that "[e]ither party may initiate" arbitration, Appellees can file arbitration proceedings here. Thus, Appellant merely relies on the foregoing four words to support its argument. However, the Lease's arbitration provision must be read as a whole and does not require Appellees to arbitrate against themselves. *See Fox v. Fergus Capital, LLC*, 2024-Ohio-2255, ¶ 37 (7th Dist.), citing *Saunders v. Mortensen*, 2004-Ohio-24, ¶ 16. ("We must read the applicable contract in its entirety, give effect to each provision, and ascertain the intent of the parties from considering it as a whole.")

**{¶20}** As stated, the entire provision of the Lease relied upon by Appellant provides: "Either party may initiate any arbitration proceeding by notifying the other party in writing, *but only after the aforementioned notice of breach [has] been served and the time period for cure provided for in this lease has expired*." (Emphasis added.) (Complaint, Exhibit 1, "Oil & Gas Lease," p. 2, ¶ 13). Thus, whichever party has satisfied

the notice provision is permitted to then notify the other party in writing to initiate arbitration proceedings related to the alleged breach. Appellant (the only alleged aggrieved party) was the only party that sent notice of an alleged breach pursuant to the Lease's notice provision. Appellees have not brought any counterclaims or alleged any wrongdoing.

**{¶21}** Ohio law requires the aggrieved party to initiate arbitration proceedings. *Capital One Bank (USA), N.A. v. Rotman*, 2012-Ohio-480 (8th Dist.) involved an arbitration provision containing an "either party may initiate" provision like the one in the case at bar. Our Sister Court held:

> Case law instructs that where a matter is subject to arbitration, "[t]he burden is on the plaintiff to commence the arbitration action, and the parties are obliged to cooperate and respond in a timely manner." *Sexton v. Kidder, Peabody & Co., Inc.,* 8th Dist. No. 74833, 1999 WL 652028 (Aug. 24, 1999). *See also Kessinger v. SR83 Hotel Partners, LLC,* 5th Dist. No. 04-CA-83, 2005-Ohio-4110, 2005 WL 1897376, ¶ 17; *Johnson v. E. Bay Kia, Inc.,* S.D.Ala. No. 08-00656-CG-B, 2009 WL 928674, at *1 (Apr. 2, 2009). Indeed, it would be nonsensical to require a defendant to commence arbitration of a claim against himself. Thus, where a defendant properly exercises a right to arbitration, it is incumbent upon the plaintiff to pursue its claims in arbitration once a stay of the action is granted.

*Rotman*, 2012-Ohio-480, at ¶ 9 (8th Dist.); *see also Villio v. Fred Martin Ford, Inc.,* 2021-Ohio-2361, ¶ 31 (7th Dist.); *Discover Bank v. Bennington*, 2018-Ohio-3246, ¶ 19 (11th Dist.).

**{¶22}** Appellant asserts that because it "waived" the arbitration provision by filing a lawsuit, "Encino can initiate if it desires." (Appellant's Brief, p. 5). In support, Appellant cites to *Standard Roofing Co. v. John G. Johnson & Sons Const. Co.*, 54 Ohio App.2d 153 (8th Dist. 1977). In that case, the Eighth District held that the plaintiff waived the right to arbitration by filing a complaint. *Id*. at 157. In response, the defendant could have enforced the arbitration clause by seeking a stay of proceedings. *Id*. at 157-158. That is exactly what happened in the case at bar. Appellant waived its right to initiate arbitration proceedings with the AAA by filing a complaint in the trial court. Appellees filed a motion to stay proceedings pending arbitration pursuant to the Lease. Appellees properly point

out that "[b]ecause EAP Ohio did not acquiesce in waiving the arbitration provision, Buckeye Boy Scout remains bound to abide by its requirements to seek relief." (Appellees' Brief, p. 9).

**{¶23}** Appellant also cites to this Court's decision in *New Hope Community Church v. Patriot Energy Partners, LLC*, 2013-Ohio-5882 (7th Dist.), arguing that the Lease's arbitration provision in this case is misleading about who must initiate arbitration proceedings. *New Hope*, however, addressed a different issue: whether an arbitration provision stating "'[e]ither party may initiate any arbitration proceeding *by notifying the other party in writing*'" was misleading. (Emphasis added.) *Id.* at ¶ 32. This Court found it misleading because it provided an oversimplified explanation of the AAA rules related to the initiation of arbitration proceedings, not because it was unclear who was required to initiate the arbitration proceedings. *Id.* Therefore, Appellant's reliance on *New Hope* is misplaced.

**{¶24}** Upon consideration, the trial court did not err in granting Appellees' motion to stay proceedings pending arbitration and directing Appellant, the party seeking affirmative relief, to initiate the arbitration proceedings pursuant to AAA Rule R-4(a)(i).

**{¶25}** Therefore, Appellant's first and second issues lack merit.

**{¶26}** Regarding Appellant's third issue, this court's holding in *Fligiel* is not dicta. In fact, the recently decided cases by this court in *Fligiel, Wolfe,* and *Johnson* addressed similar issues and remain good law.

**{¶27}** In *Fligiel*, this court held:

> Although the plain language of the parties' lease agreement does not provide who must initiate arbitration, we conclude the AAA Rules, adopted by incorporation, do. While a defendant *can* be the initiating party under the AAA Rules, under the facts present here, we agree the Fligiels must initiate based on Rule R-4 (a)(i), which sets forth the filing requirements when the initiation of arbitration is pursuant to a contract.

(Emphasis in original.) *Fligiel*, 2025-Ohio-1647, at ¶ 36 (7th Dist.).

**{¶28}** The two other decisions issued by this court at the same time that the *Fligiel* decision was decided, *Wolfe* and *Johnson*, reinforce the principle that the party seeking relief must initiate arbitration proceedings. *See Wolfe*, 2025-Ohio-1584, at ¶ 34-46 (7th

Dist.); *Johnson*, 2025-Ohio-1593, at ¶ 32-37 (7th Dist.). Those holdings are likewise not dicta. Specifically, the question of which party must initiate arbitration proceedings was raised as an issue for review in each of those three cases. *Fligiel* at ¶ 9, 28; *Wolfe* at ¶ 12, 32-33; *Johnson* at ¶ 11, 38.

**{¶29}** Appellant stresses that a court can overrule its prior holdings when (1) the decision was wrongly decided at that time, or changes in circumstances no longer justify the court's continued adherence to the decision, (2) the decision is not practically workable, and (3) abandoning the decision would not create an undue hardship for those who have relied upon it. Citing *Cardinal Minerals, LLC v. Blatt*, 2025-Ohio-1159, ¶ 35 (7th Dist.), quoting *Westfield Ins. Co. v. Galatis*, 2003-Ohio-5849.

**{¶30}** However, the foregoing elements cannot be met as to the *Fligiel*, *Wolfe*, and *Johnson* decisions. As Appellees properly point out:

> First, none of the decisions were wrongly decided, and nothing has changed in the last three months to warrant reconsideration of those decisions. As outlined above, the holding that the party seeking affirmative relief must initiate arbitration is consistent with Ohio law and longstanding principles that a party cannot be forced to arbitrate against itself. Second, there is nothing about the decisions that is not practically workable. Third, because the three decisions relied upon longstanding legal principles, abandoning the precedent would upend how arbitration is administered and create undue hardship and uncertainty moving forward. Changing course would also cause this Court to diverge from every other District Court of Appeals on this issue.

(Appellees' Brief, p. 17).

**{¶31}** The recently decided cases by this court in *Fligiel, Wolfe*, and *Johnson* are not dicta, addressed similar issues, remain good law, and will not be overturned. Therefore, Appellant's third issue lacks merit.

Case No. 25 CA 0986

{¶32} Accordingly, Appellant's sole assignment of error is without merit and is overruled.

{¶33} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Robb, P.J., concurs.

[Cite as *Buckeye Boy Scout Found. v. Encino Energy, L.L.C.*, 2025-Ohio-4868.]

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Carroll County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**